AO 243 (Rev. 2/95)

# CIV - DIMITROULEAS

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

~~MAGISTRATE JUDGE~~
WHITE

| United States District Court | District<br>Southern District of Florida | |
|---|---|---|
| Name of Movant<br>Joniel Polynice | Prisoner No.<br>57112-004 | Case No.<br>05-CR-60022-WPD |
| Place of Confinement<br>Coleman 1 USP, Post Office Box 1033, Coleman, Florida 33521-1033 | | |

UNITED STATES OF AMERICA  V.  **JONIEL POLYNICE**

FILED by A.J.S. D.C.
INTAKE

(name under which convicted)

DEC 02 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

**MOTION**   **08-61917**

1. Name and location of court which entered the judgment of conviction under attack: United States District Court, Southern District of Florida, Honorable William P. Dimitrouleas, United States District Judge.

2. Date of judgment of conviction: September 16, 2005.

3. Length of sentence: Count 1: 240 months imprisonment; Count 2: 360 months imprisonment; Count 3: 360 months imprisonment; Count 4: 60 months imprisonment; Count 5: 180 months imprisonment. The sentences on Counts 1, 2, 3 and 5 run concurrent; the sentence on Count 4 runs consecutive to the sentences on Counts 1, 2, 3 and 5; for a total term of imprisonment of 420 months; 5 years supervised release; $500.00 special assessment.

4. Nature of offense involved (all counts) Count 1: 18 U.S.C. §1951 (conspiracy to obstruct, delay or affect commerce by robbery; Count 2: 21 U.S.C. 846 (conspiracy to possess with intent to distribute 5 or more kilograms of cocaine); Count 3: 21 U.S.C. §846 (attempt to possess with intent to distribute 5 or more kilograms of cocaine); Count 4: 18 U.S.C. §924(c)(1)(A) (carrying a firearm during a crime of violence); Count 5: 18 U.S.C. §922(g), §924(e)(1) (possession of a firearm by a convicted felon).

civ/cr  2255 / FTL
Case  08 - 61917
Judge Dimitrouleas Mag PAW
Motn ifp ___  Fee pd $ ___
Receipt ___

5. What was your plea? (Check one)

☒ (a) Not guilty
☐ (b) Guilty
☐ (c) Nolo contendere

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

2

AO 243 (Rev. 2/95)

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

&boxtimes; (a) Jury
&square; (b) Judge only

7. Did you testify at the trial?

Yes &square; No &boxtimes;

8. Did you appeal from the judgment of conviction?

Yes &boxtimes; No &square;

9. If you did appeal answer the following:

(a) Name of court: United States Court of Appeals, Eleventh Circuit; Case No. 05-14659.

(b) Result: Affirmed.

(c) Date of result: April 11, 2007.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes &boxtimes; No &square;

11. If your answer to 10 was "yes," give the following information:

(a)   (1) Name of court: United States Supreme Court.

(2) Nature of proceeding: Petition for Writ of Certiorari; S.Ct. Case No. 07-7070.

(3) Grounds raised: The petition raised the same grounds as on direct appeal.

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes &square; No &boxtimes;

(5) Result: Denied.

(6) Date of result: November 26, 2007.

(b) As to any second petition, application or motion, give the same information:

(1) Name of court

(2) Nature of proceeding

3

AO 243 (Rev. 2/95)

(3) Grounds raised_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(5) Result_____

(6) Date of result_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.   Yes ☐ No ☐

(2) Second petition, etc.  Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you my attach pages stating additional grounds and *facts* supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

b) Conviction obtained by use of coerced confession.

4

c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

e) Conviction obtained by a violation of the privilege against self-incrimination.

f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

g) Conviction obtained by a violation of the protection against double jeopardy.

h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

i) Denial of effective assistance of counsel.

j) Denial of right of appeal.

A. Ground One: *(Point One)*

**WHETHER DEFENDANT'S CAREER OFFENDER SENTENCE IS SUBJECT TO VACATUR WHERE HIS PRIOR FLORIDA CONVICTION FOR "FLEEING AND ELUDING" IS NOT A SPECIFICALLY ENUMERATED CRIME OF VIOLENCE IN U.S.S.G. §4B1.2 (BURGLARY OF A DWELLING, ARSON, EXTORTION, AND CRIMES INVOLVING THE USE OF EXPLOSIVES), NOR SUBSTANTIALLY SIMILAR IN KIND OR DEGREE TO A SPECIFICALLY ENUMERATED CRIME OF VIOLENCE, IN LIGHT OF THE INTERVENING *BEGAY* AND *ARCHER* DECISIONS?** *Begay v. United States*, 128 S.Ct. 1581 (2008); *United States v. Archer*, 531 F.3d 1347, 1351-52 (11th Cir. 2008)

Supporting FACTS (state *briefly*):

Defendant was sentenced as a career offender. The district court utilized a prior Florida conviction for "fleeing and eluding" under §316.1935(3), Fla. Stat., as a qualifying "crime of violence". The district court found that Defendant's prior conviction was not a specifically enumerated offense, but qualified it as a crime of violence because the court expressed the opinion that "fleeing and eluding a police officer at a high speed by its nature presents a serious potential risk of physical injury to another[.]" Sent.Trans. pg. 26. The transcript reveals:

> "Well, looking at application note 1 of 4B1.2, it gives a list of crimes that are crimes of violence, murder, manslaughter, and a bunch of others. Other offenses are included as crimes of violence. That means offenses not enumerated above are crimes of violence if, A, the offense has an element, the use, attempted use or threatened use of physical force against the person of another, which might be the second aspect of 3A. But, again, it certainly isn't driving at a high speed. The B option of other non-enumerated crimes says that the conduct set forth -- that is, what was charged in the Indictment -- here driving at a high speed -- involved the use of explosives -- well, it didn't do that -- or by its nature presented a serious potential risk of physical injury to another. And the question that I have to address is whether or not fleeing and eluding a police officer at a high speed by its nature presents a serious potential risk of physical injury to another?
>
> And I think by definition it does. But that's my ruling. I am going to find that the fleeing and eluding is a crime of violence."

5

Sent.Trans. pgs. 26-27. In *Begay v. United States*, 128 S.Ct. 1581 (2008), the Supreme Court explained that violent offenses are specifically enumerated crimes (burglary of a dwelling, arson, extortion, and crimes involving the use of explosives). If the prior conviction is not for a specifically enumerated crime, then as *United States v. Archer*, 531 F.3d 1347, 1351-52 (11th Cir. 2008) explains, "[o]ur question, therefore, is whether [fleeing and eluding under §316.1935(3), Fla. Stat.] is similar in kind and degree to the crimes enumerated in the Sentencing Guidelines, burglary of a dwelling, arson, extortion, and crimes involving the use of explosives."

Examining Defendant's prior Florida conviction for "fleeing and eluding" under §316.1935(3), Fla. Stat., yields a showing that it is not –after *Begay* and *Archer*-- a countable prior. **First**, Defendant's prior conviction for "fleeing and eluding" (see, §316.1935(3), Fla. Stat.) is not one of the (examples) specifically enumerated for career offender enhancement (burglary of a dwelling, arson, extortion, and crimes involving the use of explosives). **Second**, Defendant's prior conviction is not "similar in kind and degree" to the crimes specifically enumerated for the career offender enhancement.

In the instant case, the district court found that Defendant's prior conviction was not a specifically enumerated offense, but qualified it as a crime of violence because the court expressed the opinion that "fleeing and eluding a police officer at a high speed by its nature presents a serious potential risk of physical injury to another[.]" Sent.Trans. pg. 26. In short, because the crime of "fleeing and eluding" is not specifically enumerated in §4B1.2 and not "similar in kind and degree" to the crimes specifically enumerated for the career offender enhancement, it should not have counted.

Defendant maintained his counseled objection, then took this issue on direct appeal and was unsuccessful in the appellate court. As a general rule, "[p]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding." *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 112 (1995). A generous exception to the rule is where a change in the law would affect the prior determination. *Davis v. United States*, 417 U.S. 333, 346 (1974). *Begay* and *Archer* demonstrate that the law has changed; that Defendant was correct to object to the use of his Florida "fleeing and eluding" prior conviction for career offender purposes.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were no so presented, and give your reasons for not presenting them: Due to ineffective assistance of counsel.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing: Gennaro Cariglio, Jr., Esquire, FBN #51985, 10800 Biscayne Boulevard, Suite 750, Miami, Florida 33161-7494; Phone: (305) 899-0438; Fax: (305) 891-2297; Email: sobeachlaw@aol.com

    (b) At arraignment and plea: Gennaro Cariglio, Jr., Esquire, FBN #51985.

    (c) At trial: Gennaro Cariglio, Jr., Esquire, FBN #51985.

    (d) At sentencing: Gennaro Cariglio, Jr., Esquire, FBN #51985.

    (e) On appeal: Gennaro Cariglio, Jr., Esquire, FBN #51985.

    (f) In any post-conviction proceeding: N/A

AO 243 (Rev. 2/95)

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐ No ☒

**WHEREFORE**, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2008.

Respectfully submitted,

JONIEL POLYNICE

_____
Signature of Movant
Joniel Polynice
Reg. No. 57112-004
Coleman 1 USP
Post Office Box 1033
Coleman, Florida 33521-1033

7