16-cv-61503-WPD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ___FBN___ Deputy Clerk
Jun 24, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

JONIEL POLYNICE,

    Petitioner,

vs.

Case No. _____
(08-61917-Civ-WPD)
(05-60022-Cr-WPD)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**PRO SE PETITIONER'S "PROTECTIVE" SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255 WITH INCORPORATE MEMORANDUM OF LAW AND REQUEST TO HOLD SUCH A MOTION IN ABEYANCE FOR GOOD CAUSE SHOWN**

Pro se, petitioner, Joniel Polynice, (hereinafter, "Petitioner" or "Polynice") respectfully submits a "Protective" Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. §2255, with Incorporate Memorandum of Law and Request to Hold such a Motion in Abeyance for the following reasons:

**I. Procedural History.**

1. On September 16, 2005, Polynice was sentenced to 420 months in prison. He received the statutory maximum sentences (240 and 180 months, respectively) on counts One and Five, 360 months on Count Two and Three, and 60 consecutive months on Count Four. He was sentenced as career offender. [CR-DE-259]. As a career offender, he scored a Level 37, criminal history category (CHC) VI for a range of range of 360 months to life rather than the range of 210-262 months (for Level 34, CHC IV) had he not be sentenced as career offender.

2. His timely appeal and subsequent motion to vacate, were denied. First because the Appellate Court held that felony fleeing and eluding, in violation of F.S. § 316.1935(3) is a crime of violence for purposes of the career offender

enhancement, pursuant to U.S.S.G. § 4B1.2. [CR-DE-329]. See also, United States v. Orisnord, 483 F.3d 1169, 1183 (11th Cir. 2007). Second, this Court found that it had to follow binding Eleventh Circuit precedent. [CR-DE-364]. Subsequent Applications for Certificate of Appealability, (COA) before the lower Court and the Appellate Court were also denied. See, e.g. Case No. 09-01590D, and [CV-DE-8].

II. **Intervening Jurisprudence.**

3. On June 26, 2015, the Supreme Court in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015) struck down the residucal clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii), as unconstituional vague, and therefore void under the Due Process Clause. Id. at 2557.

4. On April 18, 2016, the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (2016), squarely held that "**Johnson** announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

III. **Sequels of Intervening Jurisprudence.**

5. Due to Johnson, the identical residual clause in the career offender offender provision (U.S.S.G. § 4B1.(a)(2) is also void for vagueness, as such was adopted from and repeats the ACCA's residual clause verbatim. (See, U.S.S.G. App. C. Amend, 268 (1998)). Further, because Johnson, itself suggests so, by holding the residual clause "vague in all its applications." Id. at 2561. Most interesting, in light of Welch all same situated criminal defendants can seek the review of their sentence on collateral proceedings. Id.

IV. **Johnson in the Eleventh Circuit.**

6. After Welch was issued, the Eleventh Circuit, In re Griffin, ___ F.3d ___ 2016 WL 3002293 (May 25, 2016) concluded that the extension of the rule in Johnson from ACCA to the guideline would convert it from a new substantive rule to a new procedural rule that is incapable of retroactive effect. Id. at *5.

2

Previously, it had held in United v. Matchett, 802 F.3d 1185 (11th Cir. 2015) that Johnson's constitutional holding does not apply to the Guidelines' residual clause. Id. at 1193-96. However, In re: Pinder, the Eleventh Circuit authorized to file a second or successive §2255 motion to a petitioner that had been sentenced under 18 U.S.C §924(c), [which requires a higher prison sentence whenever a defendant uses a firearm during a "crime of violence." (18 U.S.C. § 924(c)(1)(A)] because, according to the Pinder Court, a prima facie showing that the the definition of the crime of violence under the aforementioned statute was unconstitutional in light of Johnson, supra. In re: Pinder, Case No. 16-12084)(11th Cir. June 1, 2016).

## V. Rule of Law.

7. The law is unclear on whether by seeking an authorization from the Court of Appeals to file a successive §2255 petition in the district court, the petitioner complies with the one-year statute of limitations under §2255(f)(3). However, what it is clear that the holding in Welch that Johnson applies retroactive in cases on collateral review did not re-set the clock, because the successor §2255 petition must be filed within a year after the Supreme Court initially recognizes the right asserted — not a year after the Supreme Court makes the right retroactive on collateral review. See, e.g., Dodd v. United States, 545 U.S. 353 (2005).

## VI. Pending Requests for Authorization Before the Eleventh Circuit.

8. Following the color of the law, Polycine timely sought authorization from the Eleventh Circuit to file a successive §2255 petition in the district court

---

[1] Petitioner obtained the information about the Eleventh Circuit ruling in Pinder, from a research group that usually sent news letters to inmates about favorable cases, etc. However, he has been unable to verify the authenticity of that ruling because such, still is not available in the prison's law library LEXIS System.

relating to the enhanced sentences imposed in Counts 2,3 & 4 against him by the district court in September, 2005, in light of Johnson v. United, **supra**, and right after the Supreme Court held in Welch v. United States, **supra**, that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review,"(emphasis supplied). Id.

9. With relation to enhanced sentences imposed in Counts 2 & 3. Petitioner specifically claimed that "already preserved objection"[2] to the career offender enhancements to those counts violates due process of law in light of Johnson as such enhanced sentences were based under an identical residual clause, (defining crime of violence) and therefore, that also should be voided for vagueness.

10. Petitioner, additional claimed that his consecutive 60 months sentence

---

[2] Petitioner objected to that enhancement during his sentence; direct appeal; and first §2255 motion to vacate sentence as evidenced on the records, before the district court and court of appeals. Id.

[3] Recognized for an overwhelming majority of authority, but the Eleventh Circuit, that still directs district courts to adhere to decisions overruled by the Supreme Court in Johnson, Matchett, at 1195-196 (petition for rehearing pending). Cf. United States v. Soto Rivera, 811 F.3d 53, 59 (1st Cir. 2016)(accepting government's concession that Johnson's reasoning applies to the Guidelines, vacating and then remanding for resentencing without career offender enhancement); United States v. Taylor, 803 F.3d 931, 933 (8th Cir. 2015)(accepting government concession that defendant's career offender sentence should be vacated and remanding in light of Johnson); United States v. Collins, 799 F.3d 554, 596-97 (6th Cir. 2015)(applying Johnson to a sentence enhanced under §4B1.2); United States v. Ramirez, 799 F.3d 845, 856 (7th Cir. 2015); United States v. Madrid, 805 F.3d 1204, 1210 (10th Cir. 2015)(applying Johnson to §4B1.2's indentical residual clause; "if one iteration of the clause is unconstitutionally vague, so too is the other."); Dimaya v. Lynch, 803 F.3d 1110, 1114-15 (9th Cir. 2015)(finding that the definition of "crime of violence" in U.S.S.G. §16(b) is "subject to the constitutional defects" as the definition of "violent felony" in the ACCA and is "void for vagueness" for the same reasons); United States v. Benavides, 617 Fed. App'x 790 (9th Cir. 2015)(unpublished opinion)(vacating and remanding career offender sentence); United States v. Talmorem No. 13-10650 (9th Cir. Aug. 24, 2015)(same for §2K2.1 sentence); United States v. Spires, No. 13-4937, Dkt No. 47 (4th Cir. Aug. 13, 2015)(granting joint motion to remand); United States v. Maldonado, ___ Fed, App'x ___, 2016 WL 229833, at *3 (2nd Cir. Jan. 20, 2016)(applying Johnson to the identically worded Guidelines' residual clause, vacating career offender sentence, and remanding) (unpublished opinion).

imposed in Count 4, (for allegedly use and carrying of a firearm during a crime of violence) in relation with Count 1, (for violation of the Hobbs Act) violates his due process right in light of Johnson, as the violation of such an Act is not a crime of violence, and therefore, should be vacated. Both claims are still pending before the appellate court to this date.

**VII.  Reasons for Filing this Protective Motion, and Holding it in Abeyance.**

11. Although, it would be inappropriate to bring these claims, (still pending authorization before the appellate court) through this motion before this Court, it is also true that if Petitioner did not receive that authorization before the expiration of the statute of limitations, then he (through no fault of his own) would be unable to benefit from Johnson, because he could be time barred by the time the appellate court rules in his pending requests for authorization to file a second or successive §2255 motion in light of Johnson. Even if the authorization on the career offender is denied in light of Matchett or Griffin, **supra**, but the Supreme Court thereafter, overrules those cases.[4] Thus this Court should hold this motion in abeyance, pending resolution of petitioner's requests for authorization to file a second or successive §2255 motion, before the appellate court, or in the alternative until the final decision on Machett be issued by the panel rehearing. (Id).

**VIII.  The Issues and Grounds for the Relief Sought.**

12. In light Johnson, Polynice does not qualify for an enhance career offender sentence under U.S.S.G. §4B1.2, and his current sentences imposed (on

---

[4] Expressly, after the Supreme Court, relisted two career offender cases, (after the June 2nd conference) seeking clarification, whether the new substantive rule of constitutional law announced in Johnson v. United States, applies retroactively on collateral review to challenge of sentences imposed under the residual clause in the U.S.S.G. career offender provision, [USSG § 4B1.2]. See, Jones v. United States, 15-8629 (S. Ct. 2016); and Bekles v. United States, 15-8544 (S. Ct. 2016).

5

Counts 2 & 3) should be vacated as those sentence violated due process of law. Nor, Polynice qualified for the 60 months "consecutive sentence," (imposed on Count 4) because his conviction of a violation of 18 U.S.C. § 924(c) became unconstitutional in light of Johnson:

A. **Johnson Renders the Career Offender Clause Void for Vagueness.**

13. In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act, ("ACCA") as unconstitutional vague. It, expressly held that the language of ACCA's residual clause was so vague as to deny fair notice of what conduct is prohibited and invite arbitrary enforcement in violation of due process. Johnson, 136 S. Ct. at 2557-9. The career offender provision of the U.S.S.G., includes an identical residual clause in its definition of crime of violence, [USSG §4B1.2 (emphasis added). Therefore, Johson also invalidated the residual clause of the career offender sentencing enhancemnt, as the Government has already conceded. See, e.g., Supp. Letter Br. for the Unites States, United States v. Matchett, No. 14-10396 (11th Cir. Aug. 25, 2015). Further, recognizing this the Sentencing Commission has deleted the residual clause from the Guidelines, effective August 1, 2016.[5]

14. Since, at the original sentencing the Court determined, over Petitioner's objection, that his prior state conviction for fleeing and eluding qualified as a crime of violence under the **residual clause of U.S.S.G. §4B1.2** (emphasis supplied) even though that prior conviction was not a specifically enumerated offense, Sent. Trasn. pages 3-4 & 26-27, [which placed him at the intersection of a Level 37 and Criminal History of VI, and therefore, increasing the applicable guideline range (from the original 210-262 months guideline range,

---

[5] The Sentencing Commission adopted a "Johnson fix," amending and thereby preserving preserving Section 4B1.2(a)(2)—the career offender enhancement identical in language as the ACCA's residual clause. 80 Fed. Reg. 49,314 (2015).

absent the career offender enhancement) up to 360 months to life imprisonment]. Further, since due to Johnson, that residual clause used to enhanced that sentence is now unconstitutional, Petitioner no longer qualifies as a career offender, and his current sentences on Count 2 & 3 violates due process of law, and therefore, imposed in violation of the Constitution, a claim congnizable under 28 U.S.C. §2255(a), and subject to vacatur at this time.

B. Petitioner's Conviction and Sentence Under 18 U.S.C. §924(c) is Unconstittutional in light of Johnson.

15. On the basis of Johnson the offense of conspiracy to commit a Hobbs robbery may no longer be considered a predicate "crime of violence" supporting the §924(c) offense, and consecutive 60 months imprisonment sentence imposed upon Petitioner in this case, (on Count 4) because the residual clause of §924(c)'s definition of criminal of violence, [18 U.S.C. §924(c)(3)(B) is unconstitutional vague under the reasoning of Johnson. See, United States v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016)(rehearing in banc ordered); United States v. Viva-Ceja, 808 F.3d 719, 723 (7th Cir. 2015); Dimaya v. Lyinch, 803 F.3d 1110, 1112 (9th Cir. 2015). Therefore, following the reasoning of Johnson and the cases holding §16(b)'s definition of crime of violence to be unconstitutional, "and noting that the language of 924(c)(3)(B), on that respect, is the exact same language of §16(b)," it is reasonable to assume that the definition of "crime of violence" under 18 U.S.C. §924(c)(3)(B) is similarly unconstitutionally vague, and therefore, the "consecutive 60 months" sentence imposed against Petitioner for a violation of 18 U.S.C. §924(c) must be void for vagueness.

IX. Timeliness and Specific Purposes of this Motion.

16. This motion is timely pursuant to 28 U.S.C. §2255(f)(3), (id), and pursue the specific purposes to protect Petitioner's right to preserve his right to due process of law, on matters related to the sentences imposed in Counts 2

7

& 3, and to the conviction and sentence imposed in Count 4, against him, which he cannot do at this time, because he has not received yet a response from the appellate court to his requests for an authorization to proceed on his <u>Johnson</u>'s claims, before the expiration of the statute of limitation on June 24, 2016. Further, to be able to benefit from <u>Johnson</u>, if the Supreme Court subsequently overrules Matchett, Griffin, expanded Johnson's retroactive effects beyond the ACCA residual clause, including the residual clause of §924(c).

## X. Conclusion.

Based upon the foregoing, Petitioner respectfully requests that this Court permit the filing of this motion and hold such in abeyance pending response from the appellate court of his requests for authorization to file a second or successive §2255 motion before this Court, and/or provide him with any other relief it deemed just and proper in this case.

Respectfully submitted,

on this <u>23th</u> of June, 2016 and executed under penalty of perjury as required under 28 U.S.C. §1746.

By: _____
Joniel Polynice, <u>Pro Se</u>
FCC Coleman USP-1
PO Box 1033-57112004
Coleman, Fl 33521-1033

## CERTIFICATE AND PROOF OF SERVICE

I HEREBY CERTIFY that on this June 23, 2016, I hand-delivered to prison staff the original and a copy of the foregoing documents with instruction to mail such to the Clerk of the Court for the Southern District of Florida, Fort Lauderdale Division, and that on same date and way I mailed a copy of same to the United States Attorneys Office, for the Southern District of Florida, at 99 N.E. 4th Street, Miami Florida.

                                             Joniel Polynice Pro Se
                                             Petitioner in Want of Counsel

Joniel Polynice
#57112-004
Federal Correctional Complex
Coleman USP #1
P.O. BOX 1033
Coleman, FLA 33521

7014 2120 0004 1702 5367

CERTIFIED MAIL

7014 2120 0004 1702 5367



U.S. POSTAGE PAID
COLEMAN, FL
33521
JUN 24, 16
AMOUNT
**$0.00**
R2305H127076-12

⇔57112-004⇔
Ofice Of The Clerk
299 E Broward BLVD
S.D. Florida
FORT Lauderdale, FL 33301
United States

2016 JUN 23 AM 10 58

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS [illegible] FURTHER [illegible] CORRESPONDENCE [illegible] ADDRESSES [illegible]