# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 28, 2020

FILED BY_____*vk*_____D.C.

*Apr 28, 2020*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  20-11421-B
Case Style:  In re: Joniel Polynice
District Court Docket No:  0:05-cr-60022-WPD-5

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Craig Stephen Gantt, B
Phone #: 404-335-6170

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11421-B
_____

IN RE: JONIEL POLYNICE,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before: JILL PRYOR, HULL, and JULIE CARNES, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Joniel Polynice has filed an

application seeking an order authorizing the district court to consider a second or successive

motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255.   Such authorization

may be granted only if this Court certifies that the second or successive motion contains a claim

involving:

> (1) newly discovered evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have found the movant guilty of the
> offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).   "The court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection."   *Id.* § 2244(b)(3)(C); *see Jordan v.*

*Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that our determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

## I.  BACKGROUND

As a brief factual background, Polynice and several codefendants were approached by a confidential informant (CI") working for the Bureau of Alcohol, Tobacco, and Firearms ("ATF") about committing a home invasion robbery of a stash house belonging to a Colombian drug organization.   The CI told the codefendants that he provided security for the drug organzation's shipments of cocaine imported into the United States and hidden in stash houses.   The conspirators met with the CI several times to discuss plans for the stash house robbery, including how to split the 20 to 25 kilograms of cocaine expected in the next shipment and how many men and firearms to bring to overpower the anticipated armed guards.   When the conspirators gathered with their firearms at a warehouse so the CI could give them the address and to confirm the plan's details before proceeding to the stash house, ATF agents moved in and arrested them.   ATF agents found firearms on several conspirators, including "a loaded pistol and black gloves on Polynice."   *See United States v. Orisnord*, 483 F.3d 1169, 1173-76 (11th Cir. 2007).

A grand jury charged Polynice, along with his codefendants, in a superseding indictment with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 2); attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 3); using, carrying, and possessing a firearm during, in relation to, and in furtherance of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 4);

and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 2 (Count 5).   Notably, Count 4 of the indictment alleged that Polynice "did knowingly use and carry [three firearms], any one of which being a violation, during and in relation to a crime of violence, that is, a violation of [18 U.S.C. § 1951(a)], as set forth in Count 1 of this indictment, and during and in relation to a drug trafficking crime, that is, a violation of [21 U.S.C. § 846], as set forth in Counts 2 and 3 of this Indictment; and did possess said firearm in furtherance of such crimes[.]"   A jury found Polynice guilty as charged but its verdict did not specify a predicate offense for Count 4.  The district court sentenced Polynice to a total term of 420 months' imprisonment, consisting of terms of 240 months as to Count 1; 360 months as to Counts 2 and 3, to run concurrently with each other and to Count 1; 180 months as to Count 5, to run concurrently with Counts 1 through 3; and 60 months as to Count 4, to run consecutively to all other counts.

In 2008, Polynice filed his original § 2255 motion, which the district court denied on the merits.   In 2016, Polynice applied for leave to file a second or successive § 2255 motion to challenge his § 924(c) conviction based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).   We denied his application, reasoning that his § 924(c) conviction in Count 4 "was based on his using or carrying a firearm during a crime of violence *and* a drug trafficking crime" and "Johnson had no impact on the definition of a 'drug trafficking crime,' as there is no provision in the drug-trafficking-crime definition that is analogous to the residual clause in the ACCA."   The Court concluded that, because Polynice's predicates included both a crime of violence and drug trafficking crimes, "*Johnson* did not invalidate [Polynice's] § 924(c) conviction, regardless of whether conspiracy to commit Hobbs Act robbery qualifies as a crime of violence post-*Johnson*."

## II.  CURRENT APPLICATION

In his present application, Polynice argues that his indictment, conviction, and sentence for his § 924(c) offense in Count 4 must be vacated because its crime-of-violence predicate—conspiracy to commit Hobbs Act robbery of a drug stash house—relied upon § 924(c)(3)'s residual clause, which the Supreme Court invalidated in *United States v. Davis*, 139 S. Ct. 2319 (2019).  He asserts that we acknowledged in *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019), that *Davis* applies retroactively to cases on collateral review.   Citing *United States v. Daniels*, 345 F. App'x 514 (11th Cir. 2009) (unpublished), and *United States v. Granda*, 346 F. App'x 524 (11th Cir. 2009) (unpublished), Polynice asserts that his § 924(c) conviction cannot rely solely on the two drug trafficking predicates because we treat Hobbs Act conspiracy and drug trafficking crimes as a single offense in stash house robbery cases.   In addition to *Davis*, Polynice cites *Adams v. Murphy*, 653 F.2d 224 (5th Cir. 1981), for the proposition that a defendant may not be convicted under an unconstitutionally vague statute.   Citing to *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002), he asserts that this rule applies in the context of guilty pleas.

On June 24, 2019, the Supreme Court in *Davis* extended its holdings in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague.   *Davis*, 139 S. Ct. at 2324-25, 2336.   The Court resolved a circuit split on the issue, rejecting the position that § 924(c)(3)(B)'s residual clause could remain constitutional if read to encompass a case-specific, conduct-based approach, rather than a categorical approach.   *Id.* at 2325 & n.2, 2332-33.   The Court in *Davis* emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses

4

struck down in *Johnson* and *Dimaya*, and, therefore, concluded that § 924(c)(3)(B) was unconstitutional for the same reasons. *Id.* at 2326, 2336.

In *In re Hammoud*, we recently resolved several preliminary issues with respect to successive applications involving proposed *Davis* claims. 931 F.3d at 1036-37. First, we held that *Davis*, like *Johnson*, announced a new rule of constitutional law within the meaning of § 2255(h)(2), as the rule announced in *Davis* both was "substantive"—in that it "restricted for the first time the class of persons § 924(c) could punish and, thus, the government's ability to impose punishments on defendants under that statute"—and was "new"—in that it extended *Johnson* and *Dimaya* to a new statutory context and its result was not necessarily "dictated by precedent." *Id.* at 1038. Second, we held that, even though the Supreme Court in *Davis* did not expressly discuss retroactivity, the retroactivity of *Davis*'s rule was "necessarily dictated" by the holdings of multiple cases, particularly the Court's holding in *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 1268 (2016), that *Johnson*'s substantially identical constitutional rule applied retroactively to cases on collateral review. *Id.* at 1038-39 (quoting *Tyler v. Cain*, 533 U.S. 656, 662-64, 666 (2001)). Additionally, we also clarified that *In re Baptiste*, 828 F.3d 1337, 1339-40 (11th Cir. 2006), does not bar new *Davis* claims, as <u>*Davis*</u> was a new constitutional rule "in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*." *Id.* at 1039-40.

More recently, in *In re Cannon*, we addressed a similar *Davis*-based successive application challenging § 924(c)-related counts tied to multiple potential predicate offenses. 931 F.3d 1236, 1238-43 (11th Cir. 2019). As to two § 924(c) counts, which were tied only to drug-trafficking, substantive Hobbs Act robbery, and carjacking predicate offenses, we concluded that Cannon had not made a *prima facie* showing that he was entitled to relief under *Davis*, as all were qualifying predicates without resort to § 924(c)(3)(B)'s invalidated residual clause. *Id.* at 1242-43.

5

However, as to a separate § 924(o) firearm-conspiracy count, which was tied to two carjackings, four drug-trafficking crimes, and one count of conspiracy to commit Hobbs Act robbery, we noted that we had not yet decided whether Hobbs Act conspiracy categorically qualified under § 924(c)(3)(A)'s elements clause, and the jury had returned a general guilty verdict.  *Id.* at 1243. Because of the general jury verdict and limited record available, we concluded that it was "somewhat unclear" about which crime or crimes served as the predicate offense for the § 924(o) count, and held that Cannon had made the requisite *prima facie* showing that his § 924(o) conviction might implicate § 924(c)(3)(B)'s residual clause and *Davis*.  *Id.*  Accordingly, we granted his application in part as to the § 924(o) count but denied the application as to his two §924(c) counts.  *Id.* at 1245.   We emphasized that our authorization was a "threshold determination" that was "narrowly circumscribed" and that the district court must still determine *de novo* whether Cannon's *Davis* challenge to his § 924(o) conviction met the requirements of § 2255(h)(2).  *Id.* at 1244 (quotation marks omitted).  If the district court finds that those requirements have been met, it should then "proceed to consider the merits," along with any defenses and arguments the government might raise.  *Id.* at 1244-45 (quotation marks omitted).

Here, similar to *In re Cannon*, Polynice's § 924(c) charge referenced multiple, distinct predicate offenses—including conspiracy to commit Hobbs Act robbery—and the jury returned a general guilty verdict as to the § 924(c) offense.  *See In re Cannon*, 931 F.3d at 1238-39, 1243. We have determined that conspiracy to commit Hobbs Act robbery, one of Polynice's potential predicate offenses, does not qualify as a crime of violence under § 924(c)(3)'s elements clause. *See Brown v. United States*, 942 F.3d 1069, 1075-76 (11th Cir. 2019).  Additionally, while Polynice's 2016 application challenged the validity of § 924(c)'s residual clause based on *Johnson*, his current claim is not barred under *In re Baptiste*, as that 2016 application was decided

6

before *Davis*, which provided a new substantive rule in its own right. *See In re Hammoud*, 931 F.3d at 1039-40. We therefore conclude that Polynice has made a prima facie showing that his claim satisfies the statutory criteria of § 2255(h)(2) on the basis that his § 924(c) conviction in Count 4 may—not that it does—implicate § 924(c)(3)(B)'s residual clause and *Davis*. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2).

We note, however, that Polynice, as the movant, will bear the burden of proving the likelihood that the jury based its verdict of guilty in Count 4 solely on the Hobbs Act conspiracy, and not also on one of the other valid predicate offenses identified in the count (the two drug trafficking crimes). *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (resting, on a long line of case authority, its conclusion that a *Johnson* § 2255 movant "bears the burden to prove the claims in his § 2255 motion"); *In re Moore*, 830 F.3d at 1272 (11th Cir. 2016) (collecting cases concluding that in the district court "a movant has the burden of showing that he is entitled to relief in a § 2255 motion—not just a *prima facie* showing that he meets the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his *Johnson* claim").

Further, the substance of Polynice's § 924(c) firearm conviction in Count 4 is that he possessed a firearm in furtherance of an agreement with his co-conspirators to rob a cocaine trafficker's stash house and to distribute any cocaine stolen during the robbery and during and in furtherance of an attempt to possess the cocaine at the stash house. As noted, in even the limited record before us, there is some indication that the jury's § 924(c) verdict did not rest solely on the conspiracy to commit Hobbs Act robbery predicate because (1) the planned robbery was inextricably intertwined with the charged conspiracy and attempt to possess the cocaine with intent to distribute it, and (2) the jury found both the cocaine conspiracy and the attempt to possess the cocaine with intent to distribute it proven beyond a reasonable doubt.

7

Where a § 924(c) verdict firmly rests on a clearly qualifying drug-trafficking predicate, there may not be a concern about a possible defect in a related crime of violence predicate. *See United States v. Vasquez*, 672 F. App'x. 56, 61 (2d Cir. 2016) (jury trial) (affirming § 924(c) convictions based on a narcotics trafficking predicate, where the co-conspirator discharged a firearm in furtherance of an agreement to rob drug dealers and to distribute any recovered narcotics and narcotics proceeds, because there was no possibility that the jury's § 924(c) verdict rested only on the robbery predicate given that the agreement to rob was inextricably intertwined with and in furtherance of the narcotics conspiracy proved beyond a reasonable doubt); *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (guilty plea) (noting that the petitioner admitted to the drug-trafficking predicate that made him eligible for a § 924(c) conviction when he stated the factual basis for his plea, regardless of how his conviction for conspiracy to commit Hobbs Act robbery is classified and that the court does not address). This is only to say that this may be an issue the district court will need to address in the first instance.

Additionally, we note that when this Court authorizes a federal prisoner to file a successive § 2255 motion in the district court, that authorization is a threshold determination and narrowly circumscribed. *See In re Moore*, 830 F.3d at 1271. The successive motion does not stand in the place of a first § 2255 motion, allowing the movant to raise any claim that would have been cognizable in an original § 2255 proceeding. *See Jordan*, 485 F.3d at 1357 (explaining, under the analogous provision for successive § 2254 habeas petitions, that all claims raised in an authorized successive petition must fall within one of the two statutory grounds for successive petitions). Rather, the claims raised in the successive § 2255 motion must still meet the requirements of § 2255(h). *See Randolph v. United States*, 904 F.3d 962, 964 (11th Cir. 2018) (explaining that, if the district court finds that the successive motion does not meet § 2255(h)'s requirements, it lacks

8

jurisdiction to consider the merits of the motion).  It is also important to note that our threshold determination that an applicant has made a prima facie showing that he has met the statutory criteria of § 2255(h), thus warranting our authorization to file a second or successive § 2255 motion, does not conclusively resolve that issue.  *See In re Moore*, 830 F.3d at 1271; *Jordan*, 485 F.3d at 1357-58.  Once the prisoner files his authorized § 2255 motion in the district court, "the district court not only can, but must, determine for itself whether those requirements are met." *Jordan*, 485 F.3d at 1357.

"When we issue an order authorizing a habeas petitioner to file a second or successive § 2255 motion, 'the district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo*.'"  *Randolph*, 904 F.3d at 965 (quoting *In re Moore*, 830 F.3d at 1271) (citing *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013), and *Jordan*, 485 F.3d at 1357).  "Our 'first hard look' at whether the § 2255(h) requirements actually have been met will come, if at all, on appeal from the district court's decision."  *In re Moore*, 830 F.3d at 1271 (internal quotations and alterations omitted); *see also In re Moss*, 703 F.3d at 1303.

Finally, should the district court conclude that Polynice "has established the statutory requirements for filing a second or successive motion, it shall proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise," such as waiver or procedural default.  *In re Cannon*, 931 F.3d at 1243 (discussing the burden of proof as to the merits of successive § 2255 claims); *In re Moss*, 703 F.3d at 1303 (same).  At this preliminary stage, we offer no opinion as to whether these, or any other defense, might bar or defeat Polynice's *Davis* claim.  We leave those issues for the district court to resolve in the first instance.  "Any determination that the district court makes about whether [Polynice] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches

9

the merits, is subject to review on appeal from a final judgment or order if an appeal is filed."   *In re Moss*, 703 F.3d at 1303.   "Should an appeal be filed from the district court's determination, nothing in this order shall bind the merits panel in that appeal."   *Id.*

Accordingly, Polynice has made a *prima facie* showing that his claim satisfies the statutory criteria of § 2255(h)(2) on the basis that his § 924(c) conviction may be unconstitutional under *Davis*, as he potentially was sentenced under the now-invalid residual clause of § 924(c)(3).   *See In re Cannon*, 931 F.3d at 1243-45; 28 U.S.C. § 2255(h)(2).   Although Polynice cites to additional cases, it appears that his claim is based solely on *Davis*.   Further, none of the other cases that he cites—*In re Hammoud*, *Daniels*, *Granda*, *Peter*, and *Adams*—were decided by the Supreme Court, so they do not support his claim as establishing new rules of constitutional law. 28 U.S.C. § 2255(h)(2).

Accordingly, because Polynice has made a *prima facie* showing of the existence of one of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is GRANTED.

10

JILL PRYOR, Circuit Judge, concurring in result:

I concur in the majority's decision to grant Joniel Polynice's request for authorization to

file a second or successive 28 U.S.C. § 2255 motion.

11



# UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

### APPLICATION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION
### 28 U.S.C. § 2244(b)
### BY A PRISONER IN STATE CUSTODY

Name  Joniel Polynice                    Prisoner Number  57112-004

Institution  FCC Coleman-Medium

Street Address  Post Office Box 1032

City  Coleman          State  Florida          Zip Code 33521-1032

### INSTRUCTIONS--READ CAREFULLY

(1)   This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2)   All questions must be answered concisely in the proper space on the form.

(3)   The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper.  All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4)   All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases.  In capital cases only, the use of this form is optional.

(5)   Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds.  DO NOT SUBMIT SEPARATE PETITIONS, MOTIONS, BRIEFS, ARGUMENTS, ETC., EXCEPT IN CAPITAL CASES.

*28 U.S.C. § 2244(b) Application*          **Page 1**          *Revised: 1/02/01*

(6)    In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2244(b), effective April 24, 1996, before leave to file a second or successive petition can be granted by the United States Court of Appeals, <u>it is the applicant's burden</u> to make a <u>prima facie</u> showing that he satisfies either of the two conditions stated below and in 28 U.S.C. § 2244(b).

> (b)(1) a claim presented in a second or successive habeas corpus application under [28 U.S.C.] section 2254 that was presented in a prior application shall be dismissed.
>
> (2) a claim presented in a second or successive habeas corpus application under [28 U.S.C.] section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(7)    When this application is fully completed, the original and three copies must be mailed to:

> **Clerk of Court**
> **United States Court of Appeals for the Eleventh Circuit**
> **56 Forsyth Street, N.W.**
> **Atlanta, Georgia  30303**

# APPLICATION

1.   (a)   Name and location of court which entered the judgment of conviction under attack
   <u>United States District Court for the Southern District of Florida</u>

     (b)   Case number   <u>05-CR-60022-WPD</u>

2. Date of judgment of conviction   <u>9-16-2005</u>

3. Length of sentence <u>420 months</u> Sentencing Judge <u>William P. Demeiroleas</u>

4. Nature of offense or offenses for which you were convicted: <u>Count 1: Conspiracy to commit Hobbs Act Robbery; Count 2: Possession with intent to distribute 5 or more kilograms of cocaine; Count 3: Attempt to possess with intent to distribute 5 or more kilograms of cocaine; Count 4: Carrying a firearm during and in relation to a crime of violence or drug trafficking crime; Count 5: Possession of a firearm by a convicted felon.</u>

5. Have you ever filed a post-conviction petition, application, or motion for collateral relief in any federal court related to this conviction and sentence?

         Yes ( )  No ( )  If "yes", how many times? <u>One</u> (if more than one, complete 6 and 7 below as necessary)

   (a) Name of court <u>U.S. District Court for the Southern Dist. of Florida</u>

   (b) Case number <u>08-CV-61917-WPD</u>

   (c) Nature of proceeding <u>28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence</u>

   (d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary) <u>Petitioner was improperly enhanced as a career offender, where his fleeing and eluding state conviction was not a crime of violence.</u>

   (e) Did you receive an evidentiary hearing on your petition, application, or motion?

         Yes ( )  No (x)

   (f) Result <u>§ 2255 motion was denied</u>

   (g) Date of result <u>December 3, 2008</u>

6. As to any second federal petition, application, or motion, give the same information:

   (a) Name of court <u>U.S. Court of Appeals for the Eleventh Circuit</u>

   (b) Case number <u>16-12484</u>

(c) Nature of proceeding  Application for Leave to File a Second or Succes-
sive Motion to Vacate, Set Aside or Correct Sentence Pursuant to §
2255.

(d) Grounds raised (list all grounds; use extra pages if necessary)  Objection to
career offender sentence enhancement violates due process based on
recently announced jurisprudence.

_____

_____

_____

(e) Did you receive an evidentiary hearing on your petition, application, or motion?
Yes ( )  No (x)

(f) Result  Denied

(g) Date of result  June 9, 2016

7.    As to any third federal petition, application, or motion, give the same information:
(a) Name of court  U.S. Court of Appeals for the Eleventh Circuit
(b) Case number  16-13722
(c) Nature of proceeding  Application to file a Second or Successive Motion

_____

(d) Grounds raised (list all grounds; use extra pages if necessary)  Petitioner's
conviction and sentence under § 924(c) violates due process of law,
because the residual clause of § 924(c)'s definition of crime of
violence (§ 924(c)(3)(B)) is unconstitutionally vague in light of
Johnson .

(e) Did you receive an evidentiary hearing on your petition, application, or motion?
Yes ( )  No (x)

(f) Result  Denied

(g) Date of result  July 11, 2016

8.    Did you appeal the result of any action taken on your federal petition, application, or
motion?  (Use extra pages to reflect additional petitions if necessary)
    (1) First petition, etc.        No ( )  Yes ( ) Appeal No. 09-10590-D
    (2) Second petition etc.      No (x)  Yes ( ) Appeal No. _____
    (3) Third petition, etc.        No (x)  Yes ( ) Appeal No. _____

9.    If you did not appeal from the adverse action on any petition, application, or motion,
explain briefly why you did not:  Denial of application for second or successive
§ 2255 motions are not appealable.

_____

_____

_____

_____

10.   State <u>concisely</u> every ground on which you <u>now</u> claim that you are being held unlawfully.
Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

A.   Ground one: Petitioner's indictment, conviction and sentence under
§ 924(c) violates due process of law. Thus warranting dismissal.
Supporting FACTS (tell your story briefly without citing cases or law):
Petitioner's indictment, conviction and sentence under § 924(c)
must be dismissed for failing to state an offense, because con-
spiracy to commit Hobbs Act robbery is no longer a crime of vio-
lence under § 924(c)(3), in light of Davis.

_____

_____

_____

Was this claim raised in a prior federal petition, application, or motion?
Yes ( )   No (x)

Does this claim rely on a "new rule of law?"   Yes (x)   No ( )
If "yes," state the new rule of law (give case name and citation):
United States v Davis, 139 S.Ct. 2319 (2019).

_____

Does this claim rely on "newly discovered evidence?"   Yes ( )   No (x)
If "yes," briefly state the newly discovered evidence, and why it was not
previously available to you   N/A

_____

_____

_____

_____

_____

_____

_____

B.   Ground two: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

Was this claim raised in a prior federal petition, application, or motion?
    Yes ( )  No ( )

Does this claim rely on a "new rule of law?"   Yes ( )  No ( )
If "yes," state the new rule of law (give case name and citation):_____

_____

_____

Does this claim rely on "newly discovered evidence?"   Yes ( )  No ( )
If "yes," briefly state the newly discovered evidence, and why it was not
previously available to you _____

_____

_____

_____

_____

_____

**[Additional grounds may be asserted on extra pages if necessary]**

11.    Do you have any motion or appeal now pending in any court as to the judgment now under
       attack?   Yes ( )  No (x)
       If yes, name of court _____Case number_____

Wherefore, applicant prays that the United States Court of Appeals for the Eleventh Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or Successive Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

_____
Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on __4 - 10 - 20__
[date]

_____
Applicant's Signature

### PROOF OF SERVICE

Applicant must send a copy of this application and all attachments to the attorney general of the state in which applicant was convicted.

I certify that on __4 - 10 - 20__, I mailed a copy of this Application* and all
[date]
attachments to __U.S. Attorney's Office for the Southern District of Florida__

at the following address:
500 East Broward Boulevard, 7th Floor; Fort Lauderdale, Florida 33301-3002.

_____
Applicant's Signature

---

\* Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. _____

IN RE: JONIEL POLYNICE,

Petitioner.

MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR LEAVE TO FILE A SECOND
OR SUCCESSIVE MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

COMES NOW, Joniel Polynice, petitioner, appearing pro se, respectfully
request that this Court authorize the district court to entertain a second or
successive collateral attack under 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2), so
that petitioner may assert a claim that his indictment, conviction and sentence
under § 924(c) must be vacated in light of United States v. Davis, 139 S.Ct.
2319 (2019) (Davis now holds that the residual clause of § 924(c)(3)(B) is
unconstitutionally vague. And petitioner's § 924(c) conviction rests of that
clause.). Moreover, Davis applies retroactive on collateral review as acknow-
ledged by the Eleventh Circuit in In re Hammond, ___ F.3d. ___ (11th Cir. 2019)
(No. 19-12458) (stating that Davis announced a new substantive rule of consti-
tutional law in its own right, separate and apart from Johnson).

This motion is made with the "prima facie showing" required by § 2244(b)
(3)(c). Thus, petitioner should be permitted to pursue § 2255 relief in the
district court.

Jurisdiction

Jurisdiction is premised upon the Court's authorization under 28 U.S.C §§ 2255(h)(2) and 2244(b)(3).

I.

Petitioner's indictment must be dismissed for failing to state an offense under § 924(c) in light of Davis. Justice Gorsuch, writing for the Court, stated that:

> In our constitutional order a vague law is no law at all. The vagueness doctrine rests on the twin constitutional pillars of due process and separa- tion of powers.

Now post-Davis, the criminal conduct of conspiracy to commit Hobbs Act robbery (via stash-house robbery) in violation of 18 U.S.C. § 1951(a) no longer constitutes a crime of violence under § 924(c). And this still hold true, even where the "stash-house" robbery is charged as a conspiracy to commit drug trafficking in violation of 21 U.S.C. §§ 841(a) and 846. That is because in this Circuit, it is understood that conspiracy to commit a stash-house robbery for drugs satisfies <u>all</u> the offense elements of title 21 U.S.C. §§ 841(a) and 846. United States v. Daniel, 345 Fed. Appx. 514, 520 (11th Cir. 2009) (find± ing that the government proved the existence of an agreement to possess with intent to distribute a control substance, where the government established at trial, that the men had agreed to steal cocaine from the "stash-house", which necessarily implies intent to possess); United States v. Granda, 346 Fed. Appx. 524 (11th Cir. 2009).

In Daniels, the defendants contested their convictions on the ground that the government had failed to establish the offense elements of conspiring to violate § 841(a), with evidence introduced at trial. Id.

-2-

The Daniels Court held that this was not so, where the Court stated:

> The fact that the men expected to take over 15
> kilograms of cocaine from a stash house indicates
> that their intent was to distribute the cocaine.

Id. at 520.

Thus, because Davis held that conspiracies to commit Hobbs Act robberies (i.e., stash house robberies) can never form the basis for a § 924(c) conviction. And because the Circuit inter-changes Hobbs Act robbery offenses under § 1951(a) with those under § 841(a), while using or carrying a firearm in violation of § 924(c) is premised on a "stash house" robbery. The decision in Davis demands that the conviction be vacated as that person was convicted for a nonexistent crime. Davis, 139 S.Ct. at 2319 ("in our constitutional order, a vague law is no law at all."); Adams v. Murphy, 653 F.2d 224, 225 (5th Cir. 1981) ("nowhere in this country can any man be condemned for a nonexistent crime."). This holding is true, even when the conviction was obtained by the entrance of a valid guilty plea. United States v. Peters, 310 F.3d 709, 713 (11th Cir. 2002) ("A claim that the indictment failed to charge an offense is a jurisdictional claim not waived by the entry of a guilty plea."). As a result, the indictment based on the § 924(c) conviction in petitioner's case must be vacated and dismissed for failing to state a federal offense, in light of Davis, as a matter of law.

## II.

Petitioner's conviction and sentence under 18 U.S.C. § 924(c) is unconstitutional in light of Davis.

On the basis of Davis, the offense of conspiracy to commit a "stash house" (Hobbs Act) robbery may no longer be considered a predicate "crime of

-3-

In Re: Donjoie  16-15090  Co-defendent

violence" supporting the § 924(c) offense, and consecutive 60 months imprison-ment sentence imposed upon petitioner in this case (in Count 4), because the residual clause of § 924(c)'s definition of crime of violence (§ 924(c)(3)(B)) is unconstitutionally vague under the reasoning of Davis. Therefore, the consecutive 60-month sentence imposed against petitioner for a violation of § 924(c) must be considered void for vagueness.

### III.

Petitioner's conviction for violating § 924(c) in the commission of a "stash house" robbery must be vacated Davis establishes that such is a non-existent offense.

For the same reasons as stated in parts I and II above, the petitioner's conviction for violating § 924(c) in commission of a "stash house" robbery must be vacated in light of Davis. Adam, 653 F.2d at 225 ("nowhere in this country can any man be condemned for a nonexistent crime.").

### Conclusion

WHEREFORE, petitioner prays that the instant motion be granted, because he has made the prima facie showing required by § 2244. Thus, he respectfully requests that the Court allow him to pursue his claim in thedistrict court.

Dated: 4-10-20

Respectfully submitted by,

Joniel Polynice
Register No. 57112-004
FCC Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-1032

-4-

## Certiciate of Service

I **HEREBY CERTIFY**, that a true and correct copy of the foregoing

application and memorandum in support of the application was mailed by U.S.

Postal Service First Class mail to the U.S. Attorney's Office for the Southern

District of Florida, at 500 East Broward Boulevard, 7th Floor; Fort Lauderdale,

Florida 33301-3002.

This was done on the 10 day of April, 2019, by delivering

the same to the institution's mail room staff.

Respectfully submitted by,

Joniel Polynice
Register No. 57112-004

# PRIORITY
## ★ MAIL ★

📅 **DATE OF DELIVERY SPECIFIED***

📶 **USPS TRACKING™ INCLUDED***

💲 **INSURANCE INCLUDED***

🚚 **PICKUP AVAILABLE**

*\* Domestic only*





PS 00001000014

EP14F July 2013
OD: 12.5 x 9.5

**FROM:** JOniel POLyniCE #5711200

Federal Correctional Complex
Coleman medium
P.O. BOX 1032
Coleman, FLA 33521

**TO:**

Clerk of Court U.S.
Court of Appeals 11th Circuit
56 FORSYTH STREET, N.W
ATLanta, GA 30303



UNITED STATES
POSTAL SERVICE®

**USPS TRACKING #**

9114 9012 3080 1329 5415 71



UNITED STATE
POSTAL SERVIC

# PRIORITY
## ★ MAIL ★

TR
★
INS

*4/9/2020*

## FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*



P S 0 0 0 0 1 0 0 0 0 1 4

**EP14F July 2013**
**OD: 12.5 x 9.5**



UNITED S
POSTAL S