UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JONIEL POLYNICE,                      CASE NO. 20-60870-CIV-DIMITROULEAS
                                                   (16-61503-CIV-DIMITROULEAS)
                                                   (08-61917-CIV-DIMITROULEAS)
      Movant,                                 (05-60022-CR-DIMITROULEAS)

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/

**FINAL JUDGEMENT AND ORDER DENYING MOTION TO VACATE**

THIS CAUSE is before the Court on Movant Polynice's April 10, 2020 Motion to Vacate [DE-1], and the Eleventh Circuit's April 28, 2020 order granting a successive motion [DE-1]. The Court has received a May 20, 2020 Response from the Government [DE-8], Polynice's May 20, 2020 Amended Motion to Vacate [DE-9], the Government's June 4, 2020 Supplemental Response [DE-10] and no timely reply having been filed, and having presided over the trial of this cause and having reviewed the Court file and Pre-Sentence Investigation Report (PSIR), finds as follows:

      1. On February 1, 2005, Joniel Polynice was indicted and charged with Conspiracy to Possess with Intent to distribute five (5) kilograms or more of Cocaine, Attempted Possession with Intent to Distribute five (5) kilograms or more of Cocaine, Using a Firearm in Relation to a Drug Trafficking Crime and Possession of a Firearm by a Convicted Felon. [CR-DE-29]. A Superseding Indictment was returned on April 12, 2005, which added, as Count One, a Hobbs Act Conspiracy. [CR-DE-87]. Count Four still charged a §924(c) violation, adding Hobbs Act Conspiracy to the two drug trafficking predicate crimes. On May 24, 2005, the Government filed an §851 Notice of Intent to Enhance. [CR-DE-145]. The notice listed as predicate acts: an August, 1999 Aggravated Battery conviction, an October, 2001, Possession of Marijuana conviction, and July, 2002 Fleeing and Eluding and Resisting Arrest with Violence convictions.

2. At a joint trial, on June 8, 2005, Polynice was found guilty on all five charges.[1] [CR-DE-168]. As to all four defendants, the jury had been instructed only as to the two drug trafficking crimes being §924(c) predicates, [CR-DE-162, p. 20; CR-DE-298-1, pp. 24-25], as was later noted in an appeal by a co-defendant *Donjoie v. U.S.,* 806 Fed Appx 934 (11th Cir. May 5, 2020).

3. On September 16, 2005, Polynice was sentenced to 420 months in prison. [CR-DE-259]. He received the statutory maximum sentences (240 and 180 months, respectively), on Counts One and Five, 360 months on Counts Two and Three, and 60 consecutive months on Count Four. He was sentenced as a Career Offender.[2]

4. On April 11, 2007, the Eleventh Circuit Court of Appeals affirmed the Judgment and Sentence. [CR-DE-329]. *U.S. v. Orisnord*, 483 F. 3d 1169 (11th Cir. 2007). The Court held that Felony Fleeing and Eluding, in violation of F.S. § 316.1935(3) was a crime of violence for purposes of the career offender enhancement under U.S.S.G. § 4B1.2. *Id* at 1183. On November 26, 2007, the United States Supreme Court denied certiorari. *Polynice v. U.S.*, 552 U.S. 1049 (2007).

5. In a November 24, 2008 motion to vacate, Polynice complained about his career offender sentence contending that Felony Fleeing and Eluding was not a crime of violence. This Court denied relief on December 4, 2008. [DE-5 in 08-61917CV]. On June 10, 2009, the Eleventh Circuit denied a certificate of appealability. {DE-17 in 08-61917-CIV].

6. In a June 23, 2016, successive motion to vacate, Polynice first complained that he no longer qualified for a Career Offender enhancement, relying on *Johnson v. U.S.*, 135 S. Ct. 2551 (2015). Second, Polynice contended that the 924(c) conviction could not be based on a Hobbs Act Conspiracy

---

[1] The jury found that the amount of Cocaine for both Counts Two and Three was at least 15 kilograms.
[2] As a career offender, Polynice scored at an Offense Level 37, Criminal History Category VI for a range of 360 months to life. Without the career offender classification, the PSIR would set his score at an Offense Level 34, Criminal History Category IV for a range of 210-262 months. Without a Career Offender classification, Polynice may have received lower sentences on Counts Two and Three and possibly on Count One. This collateral attack only applies to Count Four. If successful, it appears that Polynice's overall sentence would have been reduced by 60 months.

predicate. Polynice complained that Hobbs Act Robbery Conspiracy is not a predicate crime for an 18 U.S.C. 924(c) conviction. However, the Court indicated that the indictment charged alternative predicate crimes: Hobbs Act Conspiracy and Drug Trafficking crimes. *See Polanco v. U.S.*, 2016 WL 1357535 (S.D. Fl. 2016). On July 11, 2016, this Court denied relief. [DE-5 in 16-61503-CV]. On that same date, the Eleventh Circuit denied an application for leave to file a successive motion because Polynice failed to make a *prima facie* showing of a §2255(h) ground. [DE-7 in 16-61503CV].

7. On April 28, 2020, the Eleventh Circuit granted Polynice's request to file a successive petition as to Count Four [DE-1]; [20-11421]. The Appellate Court held that this Court must determine whether the requirements of § 2255(h) have been met. Should this Court find that it has jurisdiction, then the Court will address the merits of Polynice's claim (whether he can satisfy his burden of showing that the jury based its verdict on Count Four, solely on the Hobbs Act Conspiracy predicate). The Court can also consider any defenses that Respondent may have.

8. On April 29, 2020, this Court held that Polynice could file an amended motion to vacate on or before May 11, 2020, absent that, the Court would treat Polynice's April 10, 2020 Application and Memorandum as the operative motion to vacate. The time to file an amended motion to vacate was later extended to May 21, 2020 [DE-6]. Pursuant to the mailbox rule, Polynice timely filed his amended motion on May 20, 2020 [DE-9]. The Government filed a Supplemental Response on June 4, 2020 [DE-10]. No timely reply has been filed.

9. The Court had also requested a response from the Government, on or before May 21, 2020, but since Polynice's amended motion was not received until June 1, 2020, the court finds that the government's supplemental response was timely filed. Finally, the Court said that Polynice would be allowed to file a reply within ten (10) days of receiving the Government's response. That time has expired without a reply having been filed.

10.  As indicated above, a different panel of the Eleventh Circuit on May 5, 2020 affirmed the denial of Co-defendant Bernard Donjoie's attack on the same jury verdict as to Count Four.  In that decision, the Eleventh Circuit found, with certainty, that the jury had based the 924(c) conviction on one or both of the drug trafficking predicates, as the Court had not instructed the jury as to a Hobbs Act Conspiracy predicate.   However, the Court does note that a copy of the Indictment, which contained Hobbs Act Conspiracy as a possible predicate crime for Count Four, was sent back to the jury deliberation room [CR-DE-298-1, pp. 38-39].  Nevertheless, none of the nine (9) notes sent out by the jury during its deliberations concerned any questions about jury instructions [CR-DE-165].  The Court finds that Polynice has failed to establish that the jury based its verdict on Count Four solely on a Hobbs Act Conspiracy predicate.  Afterall, the jury did convict Polynice of the two substantive drug trafficking convictions (Counts Two and Three) that were additional predicate acts for Count Four.

11.  Moreover, on July 11, 2016, the same three Eleventh Circuit Judges who granted Polynice permission to file this successive petition, had denied a certificate of appealability on a similar issue because he had failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2255(h) [DE-7 in 16-61503cv].  Polynice has again failed to establish that his § 924(c) conviction in Count Four was based on a Hobbs Act Conspiracy predicate and not on one or both of the drug trafficking predicates. *See, Donjoie v. U.S.,* 806 Fed Appx 934 (11th Cir. 2020); *In re: Cannon,* 931 F. 3d 1236 (11th Cir. 2019).  *Moncrieffe v. Holder,* 569 U.S. 184 (2013) is distinguishable in that it applies to elements of an underlying crime based upon the categorical approach.

12.  This Court lacks jurisdiction to consider Polynice's challenge to his career offender classification, as the Eleventh Circuit did not grant permission to file a successive petition on that issue.

Wherefore, the Motions to Vacate [DE-1, 9] are Denied.

The Clerk shall close this case and deny any pending motions as moot.

The Clerk shall mail a copy of this order to Polynice.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of June, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Joniel Polynice, #57112-004
FCC Coleman Medium
PO Box 1032
Coleman, FL  33521-1032

Jennifer Keene, AUSA