UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60022-CR-WPD

UNITED STATES OF AMERICA,
        Plaintiff,

v.

JONIEL POLYNICE,
        Defendant.
_____/



FILED BY_____D.C.

NOV 1 4 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A)(i)

COMES NOW, Joniel Polynice ("Defendant") pro-se, in the above styled cause, respectfully petitions this Court for an Order to reduce his sentence, pursuant to Title 18 U.S.C. Section 3582(c)(1)(A), and U.S.S.G. Section 1B1.13(b)(5), based on the extraordinary and compelling reasons set forth below:

I. Factual Background

On June 8, 2005, following a jury trial, the Defendant was convicted of Counts One through Five of a five-count Superseding Indictment [DE #168]. Count One charged conspiracy to obstruct, delay or affect commerce by means of robbery, in violation of Title 18 U.S.C. Section 1951(a). Count Two charged conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of Title 21 U.S.C. Section 846. Count Three charged with attempt to possess with intent to distribute five or more kilograms of cocaine, in violation of Title 21 U.S.C. Section 841. Count Four charged possession of a firearm in furtherance of a crime of violence in violation of Title 18 U.S.C. Section 924(c)(1)(A). Count Five charged possession of a firearm by a convicted felon, in violation

-1-

of Title 18 U.S.C. Section 922(g)(1).

The Probation Office calculated a sentencing guideline range of 420 months to life imprisonment. The Court sentenced him to 420 months in prison, followed by fives years of supervised release. [DE $259]. The Defendant appealed his conviction and on April 11, 2007, the Eleventh Circuit Court of Appeals affirmed the Judgment and Sentence [DE#329]. UNITED STATES v. ORISNORD, 483 F.3d 1169 (11th Cir. 2007). On November 26, 2007, the United States Supreme Court denied certiorari, POLYNICE v. UNITED STATES, 128 S.Ct. 673 (2007).

## II. Defendant Has Exhausted His Administrative Remedy

Defendant has exhausted all of his administrative remedies by seeking compassionate release (reduction in sentence) through the Warden at FCI Coleman Medium, where he is currently incarcerated. Defendant submitted a request to the Warden, the Warden refused to grant his request. Since the Warden has not responded affirmatively, Defendant may invoke the jurisdiction of this Court for purposes of this motion pursuant to Title 18 U.S.C. Section 3582(c)(1)(A)(i). See Exhibit "A" attached.

## III. Legal Standards

As of November 1, 2023, this Court is bound by the newly revised Section 1B1.13. With the recent amendments, the Commission has fulfilled its duty to describe what are "extraordinary and compelling reasons," including a new category under Section 1B1.13 (b)(5). In light of the Commission's updated policy statement, the Court is now positioned to reevaluate Defendant's sentence and to reduce it. The  shift in the legal framework presents a  pivotal

-2-

chance to rectify disparities in sentencing and opens the door to
a more equitable application of justice in Defendant's case.

The Defendant is precisely the type of defendant the Commission
had in mind when it amended the compassionate release guidelines.
In that regard, Defendant's circumstances fits squarely within the
Sentencing Commission's definition of extraordinary and compelling
circumstances that warrant a reduction in sentence. Additionally,
Defendant is not a danger to the community as required by U.S.S.G.
Section 1B1.13 and 18 U.S.C. Section 3142(g). Moreover, Defendant's
rehabilitation efforts are an extraordinary and compelling circum-
stance warranting a reduction in sentence. Finally, the factors
identified in 18 U.S.C. Section 3553(a) favor a reduction in this
case.

A district court may grant a Section 3582(c)(1)(A) compassionate
release motion only if it finds that the defendant satisfies all three
of the following conditions: (1) there are "extraordinary and compel-
ling reasons" for doing so, (2) the Section 3553(a) sentencing factors
favor doing so, and (3) doing so would not endanger any person of the
community within the meaning of Section 1B1.13's policy statement. See
**UNITED STATES v. TINKER**, 14 F.4th 1234, 1237 (11th Cir. 2021). "All
three conditions... are necessary, the absence of even one would
foreclose a sentence reduction." Id. at 1238.

Moreover, Defendant argues in this motion for a reduction of his
sentence, that he could establish "extraordinary and compelling"
reasons for a reduction of his sentence on grounds that, a combin-
ation of "other reasons" under U.S.S.G. Section 1B1.13(b)(5), when
taken together satisfy the Sentencing Commission policy statements

regarding when a extraordinary and compelling reason exist for a sentence reduction.

IV. The Presence of "Other Circumstances" Under U.S.S.G. Section 1B1.13(b)(5), Establish "Extraordinary and Compelling" Circumstances.

Here, Defendant cites the relatively more flexible standard of Section 1B1.13(b)(5), for reducing his sentence. The provision gives a reviewing court the discretion to consider a sentence reduction where "any other circumstances or combination of circumstances" that are of "similar gravity" to those recognized by the Commission. On review of the particulars of Defendant's case, the circumstances of sufficient gravity are preseent.

When codifying the catch-all provision of Section 1B1.13(b)(5), the Commission anticipated that their guidelines would be broadly applied. Before the Commission were statements from a plethora of legal experts, including Erica Zunkel, a professor of law at the University of Chicago, who argued that "[t]he Commission must codify judicial discretion to identify extraordinary and [compelling] circumstances beyond those enumerated in the policy statement if compassionate release is to function as Congress intended... the enumerated categories will inevitably be underinclusive of all cases." Erica Zunkel, Clinical Professor of Law, University of Chicago, Statement Before the United States Sentencing Commission at 17 (Feb. 23, 2023). Indeed, Zunkel **expressly cited reverse stash house stings**, which she contended "illustrate the need for a catch-all category that codifies broad judicial discretion." Id. at 18. Prior to the adoption of the modified policy, the Chair of the Commission remarked that "the Commission's inability to describe extraordinary

-4-

and compelling reasons [has] led to injustices." and that thereby the Commission aimed to "grant broad discretion to those using the reduction provision," as "to do justice, judges must be able to modify sentences whenever new 'extraordinary and compelling' reasons arise." Carlton Reeves. Chair, U.S. Sentencing Commission, Remarks as Prepared for Delivery by Chair Carlton E. Reeves (Apr. 5, 2023). Thus, in drafting 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion and decide on case-by-case basis whether the catch-all provision should be applied to a particular sentence.

A. **The Circumstances Surrounding Defendant's Conviction are Similar in Gravity to Those Enumerated in the Sentencing Commission's Policy Statement, Establishing Extraordinary and Compelling Reasons, Pursuant to USSG 1B1.13(b)(5).**

First, reverse stash-house stings like the one employed in this case have "been decried by numerous courts across the country." UNITED STATES v. EVANS, No. 93-00123-CR, 2024 U.S. Dist. LEXIS 227463, 2024 WL 5080545, at *13 (S.D. Fla. Dec. 10, 2024) (collecting cases). In EVANS, Judge Middlebrooks provides a thorough review of the history of reverse stash-house stings and the criticism they have received from the media and legal community. See 2024 U.S. Dist. LEXIS 227463, WL at *13 (quoting UNITED STATES v. CONLEY, No. 11-779-6, 2015 WL 394012, at *6 (N.D. Ill. Jan. 29, 2015) (describing reverse stash-house stings as "in most cases, an unproductive set up targeting poor people of color.")). He further opines that "[p]erhaps the most damning indictment of the stash house stings... is the fact that such stings have become vanishingly rare." Id at *14. Moreover, Senior Judge James I. Cohn, agreed with Judge Middlebrooks' persuasive analysis in EVANS, see UNITED STATES v. RIVERO, No. 01-00377-cr-Cohn, 2024 U.S.

Dist. LEXIS 232988 (S.D. Fla December 19, 2024) (finding that the "defendant's charges resulted from a reverse stash-house sting supports a finding an extraordinary and compelling reason under Section 3582(c)(1)(A)").

More importantly, this case is analogous to EVANS, where the defendant "was a tagalong, a hired hand to assist in the criminal deeds of others." See Sentencing Transcripts at pages 31-33 [DE #308]. Yet, Defendant was sentenced with nearly the same degree of severity as those who were arguably more culpable in the commission of the crime. And as in EVAN and RIVERO, the fact that Defendant was the least culpable, but still received a sentence as severe as his more culpable co-defendants support a sentence reduction under Section 1B1.13(b)(5).

1. Defendant's Sentencing Disparity

(a). Changes in Law

Here, in the instant case, Defendant originally received a sentence of 420 months, as a career offender. However, if Defendant was sentenced today for the same offense the applicable advisory guideline range would be drastically lowered to that of 270-322 months imprisonment. Because Defendant is no longer considered a career offender, where his prior conviction for Felony Fleeing and Eluding (Florida), no longer constitutes a crime of violence under the USSG, Section 4B1.2. Further, pursuant to UNITED STATES v. DUPREE, 57 F.4th 1269, 1280 (11th Cir. 2023), Defendant's conspiracy and/or attempt to distribute a controlled substance---- does not qualify as a "controlled substance offense" under the career offender guide-lines.

(b). Gross Disparity

Defendant asserts that the above cited changes in the law,
produce a gross disparity between the sentence he is currently
serving (420 months imprisonment), and the sentence he would likely
receive if he was sentenced today (270-322 months imprisonment).
Thereby, Defendant could receive a sentence reduction in the range
of 98-150 months imprisonment, thus, is a gross disparity that
constitutes an extraordinary and compelling reason warranting a
sentence reduction under Section 3582(c)(1)(A). See e.g. UNITED
STATES v. MILLER, No. 2:08-cr-01155-DCN-8, 2023 U.S. Dist. LEXIS
192366, 2023 WL 7065545, at *4 (D.S.C. Oct. 26, 2023) (granting
compassionate release when if sentenced today, defendant's sen-
tence would likely be 30 months shorter than original sentence);
UNITED STATES v. WILLIAMS, No.14-cr-428, 2021 U.S. Dist. LEXIS
235426, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021) (finding sentence
more than three years longer than it would have been were defendant
convicted today to be an extraordinary and compelling reason for
compassionate release); and UNITED STATES v. BROWN, No. 3:15-cr-
00017, 3:06-cr-00021, 2021 U.S. Dist. LEXIS 110273, 2021 WL 2389881,
at *10 (W.D. Va. June 11, 2021) (finding 74 months difference in
sentence defendant would have received if sentenced today to be
a "gross disparity" and thus an extraordinary and compelling reason
to warrant a sentence reduction).

Finally, Defendant's notes that he has not raised the change
in law argument to establish a ground for establishing an extra-
ordinary and compelling reason, that has already been established
in the argument supra (IV-A). Thereby, pursuant to U.S.S.G. Section

-7-

1B1.13(c) which reads in pertinent part: "[H]owever, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." Thus, Defendant's change of law argument establishes that a gross disparity exist between the current sentence of 420 months that he is currently serving, and that of of sentence in the advisory range of 270-322 months he would be subjected to if he was sentenced as of today.

Moreover, many courts have found that, where the length of a defendant's sentence is significantly longer than the national or the relevant Circuit average sentence for similar or more serious crimes,[1] such disparity can constitute and extraordinary and compelling reason justifying a sentence reduction consistent with Section 1B1.13(b)(5). See e.g. UNITED STATES v. HOLTON, No. RDB-08-0553, 2024 U.S. Dist. LEXIS 214698 (Nov. 25, 2024) (the court found that the disparity between Holton's sentence and the national sentence average for others charged under Section 922 (g)(1), in conjunction with Holton's admirable efforts to rehabilitate himself while incarcerated was an extraordinary and compelling reason justifying a reduction in Holton's sentence in accordance with U.S.S.G. Section 1B1.13(b)(5)).

1. Indeed, Defendant sentence is substantially longer than the average federal sentence imposed for murder. The national average sentence for murder in 2023 was 285 months and 358 months in the Eleventh Circuit.

## B. Defendant's Current Age

Here, Defendant does not argue that his age is similar in gravity to those specifically enumerated in Section 1B1.13, but that the court can take his age (46) as a factor when it determines whether Defendant is still a threat and/or danger to the community. The Sentencing Commission has found that "age is a strong factor influencing the likelihood of committing a crime, with older offenders... substantially less likely than younger offenders to recidivate following release." See e.g. UNITED STATES v. HARRISON, No. 96-116-ELH, 2023 U.S. Dist LEXIS 129088 WL 4744747, at *11 (D. Md. July 25, 2023) (Recidivism after the age of 47 is substantially less likely and courts take this fact into account when weighing if a sentence reduction is appropriate), see also, UNITED STATES v. MOODY, No. 05-80121-cr-, 2020 U.S. Dist. LEXIS 129948, 2020 WL 4059659, at *4 (S.D. Fla. May 15, 2020) (finding defendant did not pose danger to community at 46 years old when he had served 15 years of his 210 month sentence for drugs).

## C. Defendant's Extraordinary Rehabilitation

Defendant has presented "extraordinary and compelling reasons" supra (IV-A), to be eligible for compassionate release. Thus, ask this Court to review his extraordinary rehabilitation, that was not available at his original sentencing.. The Defendant has dedicated himself to his education and rehabilitation, personifying the objections of Section 3553(a)(2) that incarceration "provide the defendant with needed educational or vocational training medical care, or other **correctional** treatment." These factors weigh in

favor of granting Defendant relief. Defendant has taken courses offered by the prison, as well as outside study groups that has help him to change his way of thinking and behavior, from that of a criminal or negative mind frame, to that of productiveness. Not just for himself, but those around him (in and out of prison). Today, the choices to changes his life has encouraged Defendant to help others, which has become his passion and purpose in life. See Exhibit "B" copy of Program Review attached, showing the many programs that Defendant has taken in his journey to rehabilitation.

While Congress did specify **that** rehabilitation **alone** cannot be considered an extraordinary and compelling reason for release, it may be considered as one factor among several under Section 3582(c)(1)(A). Defendant is not the same person today, who came into prison 20 years ago. The person who is before this Court today, is a changed man. Indeed, this Court should consider the Defendant's post-sentencing rehabilitation in combination with his other factors, discussed above, in order to take into account the "most up-to-date picture" of Defendant. See PEPPERS v. UNITED STATES, 562 U.S. 476 (2011) ("Evidence of post-sentence rehabilitation may be highly relevant to several of the Section 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing"); see also, UNITED STATES v. VANZANT, 2019 WL 3468207, at 4 (S.D. Ala. 2019) (Considering the relevant Section 3553(a) factors and the offender's post sentencing conduct to reduce the defendant's sentence).

## V. The Section 3553(a) Factors Support Reducing Defendant's Sentence

The 3553(a) factors favor reduction. Turning first to the nature of the offense, narcotics trafficking and weapons possession are serious crimes, and Defendant does not down play the seriousness of his offense. However, Defendant is serving a 420 months sentence for his relatively minor role in a manufactured conspiracy, which resulted in no personal harm to anyone, nor any quantity of drugs hitting the streets. More importantly, as to Defendant's personal history and characteristics, Defendant's prison records establish that he has made great strides in his rehabilitation. Moreover, the evidence of Defendant's rehabilitation confirms he is no longer the man he was in 2005.

Despite the seriousness of the offense, reducing Defendant's sentence within his current guideline range of 210-262 months of imprisonment (plus 60 months for the Section 924(c) count) would still appropriately reflect their seriousness and adequately deter. See RIVERO. No 01-00377-cr-Cohn, 2024 U.S. Dist. LEXIS 232988 (S.D. Fla. Dec. 19, 2024) (finding that "the 3553(a) factors also support the Court modifying Defendant's sentence. Despite the seriousness of his offense, reducing Defendant's sentence to the high-end of his current guideline range of 151-180 months (plus 60 months for the 924(c) count) would still appropriately reflect their seriousness and adequately deter.); See also, CONLEY, 2021 U.S. Dist. LEXIS 40763, WL 825669, at *5 ("Conley serving the remainder of his fifteen-year federal sentence will do little to generally deter criminal conduct because the government no longer engages in the 'tawdry and 'disreputable' practice of false stash

-11-

house prosecutions-due to public outrage and judicial criticism").

Although Defendant's criminal history and offense conduct must be considered, the details surrounding the instant offense took place over 20 years ago, and have no reflection on who the Defendant is today. More importantly, many judges across the country and several within the Southern District of Florida, have rejected similar arguments; by the Government memorializing the defendant's past transgressions without giving any weight to the multitude of redemptive measures and/or changes in the legal land-scape since his sentencing or previous motions filed. Specifically, Chief Judge Altonaga held that: "[T]he entirety of the Government's argument here is "[b]ased on defendant's offense characteristics." The Court is not persuaded defendant's offense, which occurred over 20 years ago, can alone support a finding that defendant is so dangerous today as to be ineligible for a sentence reduction." UNITED STATES v. DANIEL, No. 02-20676-cr-ALTONAGA, 2024 U.S. Dist. LEXIS 110543 (S.D. Fla. June 24, 2024).

## VI. Defendant is not a Danger to the Community

In this case, it bears emphasis that Defendant's offenses were serious, but Defendant has already served 20 years of his sentence for those offenses. And given Defendant's age (46) and the rehabilitation that he has exhibited during his incaceration establish that he is no longer a danger to society. Further, any arguable risk of danger associated with a sentence reduction will be mitigated by his 60 month term of supervised release.

But even so, whether a defendant was a danger to others or the community at the time of sentencing is a question **different from** whether a defendant continues to present a danger to the safety of others or the community after the passage of years. The record in this case supports the conclusion that Defendant is not a danger to the safety of others or the community at present time. See e.g. <u>UNITED STATES v. JOSEPH</u>, No. 12-60110-cr-Cohn, 2024 U.S. Dist. LEXIS 181191 (S.D. Fla. May 15, 2024) (finding that Defendant was responsible for large quantities of drugs, his offenses of conviction were non-violent. Moreover, Defendant's age (51 years old) and his prison record support a conclusion that he no longer presents a danger to society).

Independently, there is always caution and uncertainty in granting a motion under 18 U.S.C. Section 3582(c). Concerns about risks inherent in any request for a sentence reduction can never truly be eliminated. But those risks are ever present whether a person is released early or released later, and the Court's task is to evaluate whether the record submitted supports a finding that a defendant's request for a sentence reduction or compassionate release meets the requirement of 18 U.S.C. Section 3582(c). If record supports such a findings, Congress empowers courts to exercise discretion.

## CONCLUSION

**WHEREFORE**, Based on the foregoing, Defendant respectfully request that this Court grant him an sentence reduction and issue an Order reflecting that decision, pursuant to 18 U.S.C. Section 3582(c)(1)(A). and U.S.S.G. Section 1B1.13(b), and given any other relief this Court deems just and proper.

Respectfully Submitted,

JONIEL POLNICE PRO-SE

## CERTIFICATE OF SERVICE

I verify under the penalty of perjury, pursuant to 28 U.S.C. §

1746, that a copy of this filing was handed to prison officials for mail,

with prepaid first class postage attached, to the following:

CleRk of CourT
U.S. DIST. CourT FoR
SouthEen DIST. OF FLA
299 E BROWARD BlvD Rm 108
Ft. Laud. FLA 33301

8-25-2025
**Date**

Signature:

Printed Name: Joniel Polynice

Reg. No. # 57112-004

Facility Name: FCI Coleman Medium

Address: P.O. Box 1032

City, State ZIP: Coleman, FL 33521

(22)

# Stephanie Francique-Gibson
3962 Hermansau Dr Apt 5
Saginaw, MI 48603

May 12, 2025

**Honorable Judge William P. Dimitrouleas**
Southern District of Florida
299 E Broward Blvd
Courtroom 205B, Chambers 205F
Fort Lauderdale, FL 33301

**Re: Compassionate Release Request for Joniel Polynice, Inmate # 57112-004**

Dear Judge William,

I am writing to respectfully request compassionate release for my life partner, Joniel Polynice, who is currently incarcerated at Coleman Medium. Joniel is a devoted father, grandfather, and loving partner. We have shared dreams of building a peaceful, stable life together, and I hope you will consider granting him the opportunity to reunite with the family that loves and misses him deeply.

Joniel's mother is in poor health, she is in constant pain, unable to walk, and unable to visit her son as often as she wants. Her greatest hope is to see Joniel outside the walls, even just for a little while, to share quality time while she still can. Granting this request would not only bring healing to their family but also allow a son to be at his mother's side during a time when it matters most.

Beyond this urgent family need, Joniel has worked hard to rehabilitate himself and has shown consistent growth, responsibility, and focus on self-improvement. He has expressed sincere remorse for his past and is committed to building a better future. His mindset and actions reflect a man who is ready to contribute positively to society.

Upon his release, Joniel will have a stable home waiting for him in Michigan with me and my children. His growing family is eager to welcome him home and start making new memories. He is deeply loved, and everyone is prepared to support him emotionally and practically as he reintegrates into the community. We've already begun planning home projects to keep him active and engaged—he is excited about putting his hands to work and creating something meaningful with his time and energy.

Judge William, I respectfully ask that you consider the full picture of Joniel's life today: a reformed man with strong family bonds, a clear support system, and a home full of love and stability awaiting him. Compassionate release would not only grant mercy to a man who has earned it but also restore a family ready to embrace him with open arms.

Thank you for your time and thoughtful consideration.

Sincerely,

Stephanie Francique-Gibson

Daline Chavelon
363 Sunshine Drive
Coconut Creek, FL, 33066
954-773-5888
Dalinechavelon@yahoo.com

May 22, 2025

To Whom It May Concern,

I am writing with a heartfelt request for compassionate leave on behalf of my brother, Joniel Polynice, who is currently incarcerated at FCI Coleman Medium, inmate number 57112-004.

Our mother, Eliady Polinice, is seriously ill and requires constant care. I am her only caregiver, and since losing my job in November 2024, I have been taking care of her full-time. This has placed an enormous emotional and physical strain on me. I also suffer from medical issues of my own, which I have been forced to neglect because I cannot leave her alone, even briefly.

Her condition continues to decline, and I am doing my best to hold everything together, but I am reaching a breaking point. I urgently need to find work to support both of us, but I cannot do so without help. Having my brother temporarily home, even for a short period, would provide critical support—both emotionally and practically—for our mother, and would allow me a small window to address my health and seek employment while knowing she is not alone.

We are fully willing to comply with any conditions, guidelines, or supervision necessary. If medical records or further documentation are needed to support this request, I will provide them immediately.

Thank you sincerely for your time, understanding, and compassion during this very difficult time for our family.

With respect and gratitude,

Daline Chavelon

Sister of Joniel Polynice

Dear Judge,

I respectfully write this letter in support of my brother, Joniel Polynice, who has been incarcerated for the past 20 years. As the eldest sibling in our family of ten children, he has always been more than just a brother—he has served as a father figure, a moral compass, and a steady presence for us all.

Our mother, though strong and resilient, has leaned heavily on Joniel throughout our lives, especially in raising our large family. Even from within the prison system, he continues to guide and uplift us—offering wisdom, encouragement, and emotional support. He has maintained a deep connection to our family and has shown a commitment to personal growth, accountability, and change during his incarceration.

Over the years, I have witnessed how he has transformed—educating himself, mentoring younger inmates, and demonstrating a sincere desire to be a better man. He has expressed deep remorse for his past actions and has taken concrete steps toward rehabilitation.

Your Honor, we understand the seriousness of his conviction, and we do not take this request lightly. We only ask that you consider the man he is today, not just the one he was two decades ago. Our family, especially his children, who have never had the chance to know him outside of prison walls, would benefit immensely from his presence.

If granted compassionate release, Joniel has a stable home to return to and a strong network of family ready to support his transition. He is not a threat to society—he is a man who has paid his debt and who yearns to contribute positively to his family and community.

Thank you for your time and consideration.


Respectfully,

Saille Chevelon

EXHIBIT "A"

EXHAUSTION OF ADMINISTRATIVE REMEDIES
WARDEN'S DENIAL OF REQUEST FOR COMPASSIONATE RELIEF



UNITED STATES GOVERNMENT

# Memorandum

**FEDERAL BUREAU OF PRISONS**
Federal Correctional Complex
Coleman, Florida  33521

August 13, 2025

**RESPONSE TO INMATE REQUEST TO STAFF**

SUBJECT:     Reduction in Sentence

RE:     Polynice, Joniel
        Reg. No.: 57112-004

This is in response to your Reduction in Sentence (Compassionate Release) request dated August 7, 2025. You requested a Reduction in Sentence (RIS) based on Extraordinary or Compelling Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the Bureau of Prisons (BOP), to reduce a term of imprisonment for extraordinary or compelling reasons. Program Statement 5050.50, <u>Compassionate Release/Reduction in Sentence:  Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Challenges to an inmate's sentence length, directly related to their conviction, are not considered extraordinary or compelling circumstances by the Bureau of Prisons. These challenges should be addressed by filing a direct appeal or a habeas corpus action. Furthermore, rehabilitation of the inmate is not, by itself, an extraordinary and compelling reason for purposes of this policy. However, rehabilitation of the inmate while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the inmate's term of imprisonment is warranted. After careful consideration, your request is denied.

If you are not satisfied with this response to your request, you may appeal this decision via the Administrative Remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____          08/19/25
K. Brown, Acting Warden                    _____
                                           Date

                                           8/19/25
_____          _____
Inmate Signature/Received Copy             Date

EXHIBIT "B"

COPY OF PROGRESS REPORT

# Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Other -   Report for inmate: POLYNICE, JONIEL  57112-004

SEQUENCE: 00547835
Report Date: 08-25-2025

| | |
|---|---|
| Facility: | COM COLEMAN MED FCI |
| Name: | POLYNICE, JONIEL |
| Register No.: | **57112-004** |
| Quarters: | C02-054L |
| Age: | 46 |
| Date of Birth: | 06-26-1979 |

| | |
|---|---|
| Custody Level: | IN |
| Security Level: | MEDIUM |
| Proj. Rel Date: | 01-23-2035 |
| Release Method: | GOOD |
| DNA Status: | COP01054 / 05-05-2010 |

## Contact Information

**Release contact & address**
LAQUANYA SMITH, MOTHER OF CHILDREN
649 DAYTONA AVE, LAKE WORTH, FL 33406 US
phone (home) : 561-714-6526

## Offenses and Sentences Imposed

| Charge | Terms In Effect | Terms of Supervision |
|---|---|---|
| 18:1951 CONSPIRACY TO OBSTRUCT, DELAY OR AFFECT COMMERCE BY ROBBERY 21:846 CONSPIRACY TO PWITD 5 OR MORE KILOS OF COCAINE 21:846 ATTEMPT TO PWITD 5 OR MORE KILOS OF COCAINE | 360 MONTHS | 5 YEARS |
| 18:922(G) AND 924(E)(1) POSSESSION OF A FIREARM BY A CONVICTED FELON | 180 MONTHS | 3 YEARS |
| 18:924(C)(1)(A) CARRYING A FIREARM DURING A CRIME OF VIOLENCE | 60 MONTHS | 3 YEARS |

Date Sentence Computation Began: 09-16-2005
Sentencing District: FLORIDA, SOUTHERN DISTRICT

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit - InOp Time |
|---|---|---|---|
| 0 / 0 / 68 | 1,012 | Years: 20 Months: 7 Days: 7 | + 240   JC - 0   InOp |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| ICE | INVESTIGATION FOR DEPORTATION (HAITI) |

## Program Plans

Polynice arrived at FCC Coleman, Medium on June 30, 2016.

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 01-10-2020 |
| INELIG AUT | FTC-INELIGIBLE OFF CODE - AUTO | 12-17-2019 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 06-02-2025 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 06-02-2025 |
| N-COGNTV N | NEED - COGNITIONS NO | 06-02-2025 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-28-2021 |
| N-EDUC N | NEED - EDUCATION NO | 06-02-2025 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 06-02-2025 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 06-02-2025 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 06-02-2025 |
| N-MEDICL N | NEED - MEDICAL NO | 06-02-2025 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 06-02-2025 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 06-02-2025 |
| N-TRAUMA Y | NEED - TRAUMA YES | 06-02-2025 |
| N-WORK Y | NEED - WORK YES | 06-02-2025 |
| R-MED | MEDIUM RISK RECIDIVISM LEVEL | 06-02-2025 |

## FSA Comments

Polynice is aware of his FSA needs and is FTC Ineligible with a Medium risk of recidivism.

---



## Summary Reentry Plan - Progress Report
Dept. of Justice / Federal Bureau of Prisons
Other -   Report for inmate: POLYNICE, JONIEL 57112-004

SEQUENCE: 00547835
Report Date: 08-25-2025

### Current Work Assignments

| Facl | Assignment | Description | Start |
|------|-----------|-------------|-------|
| COM | COOK AM | F/S COOK AM DETAIL | 08-15-2024 |

### Work Assignment Summary

Polynice has obtained a work detail with Food Service.

### Current Education Information

| Facl | Assignment | Description | Start |
|------|-----------|-------------|-------|
| COM | ESL HAS | ENGLISH PROFICIENT | 10-18-2005 |
| COM | GED EARNED | GED EARNED IN BOP | 09-21-2006 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---------|--------|-------------|-------|------|
| COM | C | FOOTBALL SPORTS RULES | 09-13-2019 | 09-16-2019 |
| COM | C | ACE SELF IMPROVEMENT CLASS | 04-05-2019 | 07-16-2019 |
| COM | C | BEGINNING AEROBICS | 11-02-2018 | 01-01-2019 |
| COM | C | BEGINNING CALISTHENICS | 11-02-2018 | 01-01-2019 |
| COM | C | FOOTBALL SPORTS RULES | 08-26-2018 | 09-02-2018 |
| COM | C | RE-ENTRY SEMINAR | 11-30-2016 | 11-30-2016 |
| COM | C | PERSONAL MASTERY | 10-17-2016 | 10-17-2016 |
| COM | C | RPP HEALTH/NUTRITION #1 | 07-06-2016 | 07-06-2016 |
| COP | C | PERSONAL GROWTH | 11-20-2015 | 03-23-2016 |
| COP | C | FINACIAL MANG RPP CLASS | 06-09-2014 | 10-01-2014 |
| COP | C | FIELS MAINTENANCE CLASS | 12-19-2012 | 02-25-2013 |
| COP | C | INTRO TO CREOLE (ACE CLASS) | 06-14-2012 | 10-04-2012 |
| COP | C | FIELS MAINTENANCE CLASS | 05-28-2012 | 05-28-2012 |
| COP | C | ANCIENT AFRICAN CIVILIZ (ACE) | 03-11-2010 | 06-11-2010 |
| COP | C | PSY SERVICES ANGER MGMT | 03-21-2008 | 03-21-2008 |
| COP | C | MICROSOFT OFFICE AM | 07-23-2007 | 09-07-2007 |
| COP | C | GED ROOM4,0930-1100 M-F | 08-21-2006 | 09-21-2006 |
| COP | C | ELECTRONIC LAW LIB TRAINING | 06-01-2006 | 06-01-2006 |
| COP | C | ACE LEGAL RESEARCH | 01-09-2006 | 05-08-2006 |
| COP | C | ACE REAL ESTATE - TUES/THURS | 12-14-2005 | 02-22-2006 |
| COP | C | ADVANCE BIKE SPIN | 10-12-2005 | 12-02-2005 |
| COP | C | RPP5 RELEASE REQUIREMENT CLASS | 10-06-2005 | 10-06-2005 |

### Education Information Summary

Polynice has his GED and has completed numerous courses, see above for full record.

### Discipline Reports

| Hearing Date | Prohibited Acts |
|--------------|-----------------|
| 10-31-2023 | 108 : POSSESSING A HAZARDOUS TOOL |
| 03-27-2019 | 305 : POSSESSING UNAUTHORIZED ITEM |
| 11-16-2015 | 305 : POSSESSING UNAUTHORIZED ITEM |
| 08-15-2013 | 104 : POSSESSING A DANGEROUS WEAPON |
| 06-25-2008 | 330 : BEING UNSANITARY OR UNTIDY |

### Discipline Summary

Polynice has received the above incident reports while incarcerated.

### ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
|------|-----------|--------|-------|------|
| COM | A-DES | TRANSFER RECEIVED | 12-07-2017 | CURRENT |
| COM | A-DES | TRANSFER RECEIVED | 06-30-2016 | 12-07-2017 |
| COP | A-DES | TRANSFER RECEIVED | 10-05-2005 | 06-30-2016 |



## Summary Reentry Plan - Progress Report

SEQUENCE: 00547835
Report Date: 08-25-2025

Dept. of Justice / Federal Bureau of Prisons
Other -    Report for inmate: POLYNICE, JONIEL 57112-004

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 09-16-2005 |
| CARE1-MH | CARE1-MENTAL HEALTH | 07-22-2010 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR–REGULAR DUTY | 10-12-2005 |
| YES F/S | CLEARED FOR FOOD SERVICE | 03-12-2009 |

### Current PTP Assignments

| Assignment | Description | Start |
|---|---|---|
| CHG COMP | CHALLENGE COMPLETED | 07-17-2008 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED COMP | DRUG EDUCATION COMPLETE | 11-16-2012 |

### Physical and Mental Health Summary

Polynice is a care level 1 Medical and Mental health.

### FRP Payment Plan

Most Recent Payment Plan

| FRP Assignment: | **NO OBLG** | **FINANC RESP-NO** | Start: 12-09-2010 |
|---|---|---|---|
| Inmate Decision: | **AGREED** | **$25.00** | Frequency: **QUARTERLY** |
| Payments past 6 months: | **$0.00** | | Obligation Balance: **$0.00** |

#### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $500.00 | $55.00 | IMMEDIATE | EXPIRED |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

### Financial Responsibility Summary

Polynice has completed his financial obligation.

### Release Planning

Polynice plans to reside in Lake Worth, FL once release.

### General Comments

Polynice has not been reviewed for RRC placement utilizing the Five Factor Criteria of 18 U.S.C. 3621(b) and the Second Chance Act of 2007, as his current release date exceeds 17-19 months reviewal.



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Other -   Report for inmate: POLYNICE, JONIEL  57112-004

SEQUENCE: 00547835
Report Date: 08-25-2025

Name: POLYNICE, JONIEL
Register Num: **57112-004**
Age: 46
Date of Birth: 06-26-1979
DNA Status: COP01054 / 05-05-2010

Inmate    (POLYNICE, JONIEL, Register Num: 57112-004)

Date

Chairperson

Date    6.25.25

Case Manager

Date    8/25/05

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. EP14F © U.S. Postal Service; October 2023; All rights reserved. This packaging is not for resale. Misuses may be a violation of federal law. This package is not for resale.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

 

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED


UNITED STATES
POSTAL SERVICE

Retail

**P**

US POSTAGE PAID
**$0.00**

Origin: 33521
11/10/25
1117550512-09

**PRIORITY®
MAIL**

PRIORITY MAIL®

0 Lb 5.90 Oz

RDC 03

EXPECTED DELIVERY DAY: 11/14/25

C040

SHIP
TO:

STE 108
299 E BROWARD BLVD
FORT LAUDERDALE FL 33301-1922

**USPS TRACKING® #**



9505 5126 3318 5314 6689 88

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

trictions apply).*

many international destinations.

orm is required.

ms exclusions see the

ty and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



how2recycle.info
PAPER
POUCH

FROM: JONIEL POLYNICE
#57112-004
FEDERAL CORRECTIONAL
COMPLEX
COLEMAN MEDIUM
P.O. BOX 1032
COLEMAN, FLA 33521

TO:
CLERK OF COURT
U.S. DIST. COURT FOR
SOUTHERN DIST. OF FLA
299 E BROWARD BLVD RM
108
FORT LAUD. FLA 33301


SEE REVERSE SIDE