UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  CASE NO.  05-60022-CR-DIMITROULEAS
                                      (20-60870-CV-DIMITROULEAS)
      Plaintiff,                       (16-61503-CV-DIMITROULEAS)
                                      (08-61917-CV-DIMITROULEAS)
Vs.

JONIEL POLYNICE,

      Defendant.
_____/

**O R D E R**

THIS CAUSE is before the Court on Defendant Polynice's *pro se* August 25, 2025[1] Motion to Reduce Sentence [CR-DE-532].  The Court has considered the request and the Government's prior April 1, 2024 Response [DE-504] and having presided over the trial of the cause and having reviewed the Court file and Pre-Sentence Investigation Report (PSIR) and having considered the factors in 18 U.S.C. 3553(a), finds as follows:

1. On February 1, 2005, Joniel Polynice was indicted and charged with Conspiracy to Possess with Intent to Distribute five (5) kilograms or more of Cocaine, Attempted Possession with Intent to Distribute five (5) kilograms or more of Cocaine, Using a Firearm in Relation to a Drug Trafficking Crime and Possession of a Firearm by a Convicted Felon.  [CR-DE-29].  A Superseding Indictment was returned on April 12, 2025, which added, as Count One, a Hobbs Act Conspiracy.  [CR-DE-87].  Count Four still charged a §924(c) violation, adding

---

[1] Postmarked November 10, 2025, received by the Clerk on November 14, 2025.

1

Hobbs Act Conspiracy to the two drug trafficking predicate crimes.  On May 24, 2005, the Government filed an § 851 Notice of Intent to Enhance.  [CR-DE-145]. The notice listed as predate acts:  August, 1999 Aggravated Battery conviction[2] an October, 2001, Possession of Marijuana conviction, and July, 2002 Fleeing and Eluding and Resisting Arrest with Violence[3] convictions.

2. At a joint trial, on June 8, 2005, Polynice was found guilty on all five charges.[4] [CR-DE-168],  As to all four defendants, the jury had been instructed only as to the two drug trafficking crimes being § 924 (c) predicates, [CR-DE-162, p. 20; CR-DE-298-1, pp. 24-25], as was later noted in an appeal by a co-defendant *Donjoie v. U.S.*, 806 Fed. Appx 934 (11th Cir. May 5, 2020).

3. On September 16, 2005, Polynice was sentenced to 420 months in prison.  [CR-DE-259].  He received the statutory maximum sentences (240 and 180 months, respectively), on Counts One and Five, 360 months on Counts Two and Three, and 60 consecutive months on Count Four.  He was sentenced as a Career Offender.[5]

4. On April 11, 2007, the Eleventh Circuit Court of Appeals affirmed the Judgment and Sentence.  [CR-DE-329].  *U.S. v. Orisnord*, 483 F. 3d 1169 (11th Cir. 2007).

---

[2] However, it now appears that charge has been nolle prossed.
[3] However, it appears that Polynice pled guilty to a misdemeanor charge of Resisting Arrest without violence. He did have another 2004 Resisting Arrest With Violence conviction.  [¶56 of PSIR].

[4] The jury found that the amount of cocaine for both Counts Two and Three was at least 15 kilograms.
[5] As a Career Offender, Polynice scored at an Offense Level 37, Criminal History Category VI for a range of 360 months to life.  Without the career offender classification, the PSIR would set his score at an Offense Level 34, Criminal History Category IV for a range of 210-262 months.  Without a Career Offender Classification, Polynice may have received lower sentences on Counts Two and Three and possibly on Count One.

    The Court held that Felony Fleeing and Eluding, in violation of F.S. § 316.1935(3) was a crime of violence for purposes of the career offender enhancement under U.S.S.G. § 481.2.  *Id* at 1183.  On November 26, 2007, the United States Supreme Court denied certiorari.  *Polynice v. U.S.*, 552 U.S. 1049 (2007).

5. In a November 24, 2008 motion to vacate, Polynice complained about his career offender sentence contending that Felony Fleeing and Eluding was not a crime of violence.  The Court denied relief on December 4, 2008.  [DE-5 in 08-61917CV].  On June 10, 2009, the Eleventh Circuit denied a certificate of appealability.  [DE-17 in 08-61917-CV].

6. In a June 23, 2016, successive motion to vacate, Polynice again complained that he no longer qualified for a Career Offender enhancement, relying on *Johnson v. U.S.*, 135 S. Ct. 2551 (2015).  Second, Polynice contended that the 924(c) conviction could not be based on a Hobbs Act Conspiracy predicate.  Polynice complained that Hobbs Act Robbery Conspiracy is not a predicate crime for an 18 U.S.C. 924( c) conviction.  However, the Court indicated that the indictment charged alternative predicate crimes.  Hobbs Act Conspiracy and Drug Trafficking crimes.  *See Polanco v. U.S.*, 2016 WL 1357535 (S.D. Fl. 2016).  On July 11, 2016, this Court denied relief.  [DE-5 in 16-61503-CV].  On that same date, the Eleventh Circuit denied an application for leave to file a successive motion because Polynice failed to make a *prima facie* showing of a §2255(h) ground.  [DE-7 in 16-61503-CV].

7. On April 28, 2020, the Eleventh Circuit granted Polynice's request to file a successive petition as to Count Four [DE-1]; [20-11421]. The Appellate Court held that this Court must determine whether the requirements of §2255 (h) have been met. Should this Court find that it has jurisdiction then the Court will address the merits of Polynice's claim (whether he can satisfy his burden of showing that the jury based its verdict on Count Four, solely on the Hobbs Act Conspiracy predicate). The Court could also consider any defenses that Respondent may have.

8. On April 29, 2020, this Court held that Polynice could file an amended motion to vacate on or before May 11, 2020, absent that, the Court would treat Polynice's April 10, 2020, Application and Memorandum as the operative motion to vacate. The time to file an amended motion to vacate was later extended to May 21, 2020 [DE-6 in 20-60870-CV]. Pursuant to the mailbox rule, Polynice timely filed his amended motion on May 20, 2020 [DE-9 in 20-60870-CV]. The Government filed a Supplemental Response on June 4, 2020 [DE-10 in 20-60870-CV]. No timely reply was filed.

9. The Court had also requested a response from the Government, on or before May 21, 2020, but since Polynice's amended motion was not received until June 1, 2020, the court found that the government's supplemental response was timely filed. Finally, the Court said that Polynice would be allowed to file a reply within ten (10) days of receiving the Government's response. That time expired without a reply having been filed.

10. A different panel of the Eleventh Circuit on May 6, 2020, affirmed the denial of a Co-defendant Bernard Donjoie's attack on the same jury verdict as to Count Four. *Donjoie v. U.S.*, 806 Fed. Appx. 934 (11th Cir. 2020). In that decision, the Eleventh Circuit found, with certainty, that the jury had based the 924(c) conviction on one or both of the drug trafficking predicates, as the Court had not instructed the jury as to a Hobbs Act Conspiracy predicate. However, the Court does note that a copy of the Indictment, which contained Hobbs Act Conspiracy as a possible predicate crime for Count Four, was sent back to the jury deliberation room [CR-DE-298-1, pp. 38-39]. Nevertheless, none of the nine (9) notes sent out by the jury during its deliberations concerned any questions about jury instructions [CR-DE-165]. The Court found that Polynice failed to establish that the jury based its verdict on Count Four solely on a Hobbs Act Conspiracy predicate. Afterall, the jury did convict Polynice of the two substantive drug trafficking convictions (Counts Two and Three) that were additional and instructed predicate acts for Count Four.

11. Moreover, on July 11, 2016, the same three Eleventh Circuit Judges who granted Polynice permission to file this successive petition, had denied a certificate of appealability on a similar issue because he had failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2255(h) [DE-7 in 16-61503CV]. Polynice again failed to establish that his §924(c) conviction in Count Four was based on a Hobbs Act Conspiracy predicate ad not on one or both of the drug trafficking predicates. *See Donjoie v. U.S.*, 806 Fed. Appx. 934

5

(11th Cir. 2020); *In re: Cannon*, 931 F. 3d 1236 (11th Cir. 2019); *Moncrieffe v. Holder*, 569 U.S. 184 (2013) is distinguishable in that it applies to elements of an underling crime based upon the categorical approach.

12. This Court found that it lacked jurisdiction to consider Polynice's challenge to his career offender classification, as the Eleventh Circuit did not grant permission to file a successive petition on that issue.  The Motions to Vacate [DE-1, 9 in 20-60022-CV] were denied on June 29, 2020.  [CR-DE-443]; no appeal was taken. On October 15, 2020, this Court denied a Motion to Reduce Sentence, finding COVID 19 conditions at the prison did not warrant any relief.  [CR-DE-450, p. 2[. The same ruling applied in 2024.  In August, 2023, Polynice sought relief through a Writ of Audita Querela.  However, the inability of a person to file a successive § 2255 motion is not a violation of the Suspension Clause.  *Granda v. U.S.*, 702 Fed. Appx. 938, 939 (11th Cir. 2017).  Additionally, "*[a]udita querela*, like *coram nobis* is an 'extraordinary remedy' that is available 'only under circumstances compelling such action to achieve justice.'" *Ramdeo v. United States*, 760 F. App'x 900, 902 (11th Cir. 2019)(quoting *Morgan*, 346 U.S. at 11); *see also United States v. Denedo*, 556 U.S. 904, 911 129 S. Ct. 2213, 2220, 173 L. Ed. 2d 1235 (2009)(noting that the Supreme Court was "careful in *Morgan* to limit the availability of the writ [or coram nobis] to extraordinary cases presenting circumstances compelling its use to achieve justice … circumstances compelling such action exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon

and which renders the proceeding itself irregular and invalid. *Moody v. United States*, 874 F. 2d 1575, 1576-77 (11th Cir. 1989)(emphasis added)(citations omitted); *see also Ramdeo*, 760 F. App'x at 902-03. If a guidelines error is not fundamental enough to be cognizable under 28 U.S.C. § 2255, *Spencer v. U.S.*, 773 F. 3d 1113, 1138-40 (11th Cir. 2014), it is not sufficiently "extraordinary" and "compelling" to warrant a writ of audita querela. *See United States v. Davis,* No. 4:09CV248-WS, 2009 WL 2495931, at *4 (N.D. Fla. Aug. 10, 2009) ("[i]t is hard to conceive of a guidelines error presenting circumstances compelling action to achieve justice (so as to warrant the extraordinary remedy of audita querela), which would not also demonstrate the kind of fundamental error which would allow that claim to be considered under § 2255. In *Davis*, the district court determined that an error in determining the defendant's guideline criminal history category was not sufficiently fundamental to warrant audita querela relief. *Id* at *3. The Court explained: "Because the alleged error is not fundamental, it does not merit the extraordinary relief of audita querela," *Id* (quotation marks omitted)(citing *Lowery v. United States*, 956 F. 2d 227, 230 (11th Cir. 1992)). This Court agreed for the same reasons that mistakenly classifying a defendant as a career offender does not warrant § 2255 relief, it does not warrant the extraordinary relief of audita querela. *See Spencer*, 773 F. 3d at 1138-40. As the Eleventh Circuit explained, a Guidelines error does not increase the defendant's sentence beyond the statutory maximum, *Id* at 1138-39, it does not implicate actual innocence, *Id* at 1139; and it does not violate an "ancient" right

7

or "raise constitutional concerns", *Id* at 1140.  The Eleventh Circuit added that "any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory."  The Writ of Audita Querela [CR-DE-482] was Denied/Dismissed on August 18, 2023.  [CR-DE-483].

13. On April 5, 2025, this Court found that any change in the law does not establish a grossly disparate sentence.  As there were no extraordinary and compelling reasons to grant an Audita Querela motion, it can be argued that none exist to grant a motion under U.S.S.G. 181.13(b)(5) and (6).  The Court declined to exercise discretion and grant relief.  *Concepcion v. U.S.*, 142 S. Ct. 2389, 2405 (2022).  There were no extraordinary or compelling reasons to reduce the sentence; the same 420 month sentence would be imposed.  The Court considered the factors in 18 U.S.C. § 3553(a) and found that a reduction would not promote respect for the law or act as a deterrent.  The Court recalled that Polynice testified at trial and lied about not having a firearm on his person at any time, including when arrested [DE-297-1, pp. 196, 199, 201].  Agent Coy's testimony that he took the gun off of Polynice's person, his right front pocket, was credible.  [DE-296-1, pp. 71, 77, 91, 93].  The Court denied relief on April 5, 2024 [CR-DE-506].  No appeal was filed.

14. In this latest collateral attack, Polynice contends that there are extraordinary and compelling reasons to grant relief.  He cites to other court's rulings on reverse stash house stings, sentencing disparity with what his sentence would be today, a longer sentence than the average federal sentence, his age (46), his

8

rehabilitation and no longer being a danger to the community. The Court has again considered the mitigating circumstances , including letters of support, and elects to decline to exercise discretion to grant relief. Nothing has caused this court to disturb its prior ruling denying relief last year.

15. Primarily, Defendant contends that there are extraordinary and compelling reasons to modify his sentence because of a "disavowed" practice of "stash-house robbery" and his minor role in the conspiracy. The Court disagrees with Defendant's speculative contention that he would have received a lower sentence today. It is well within the statutory maximum sentences. Defendant's sentence is not unusually long. The same sentence would have been imposed today on these charges, given the aggravating nature of the case and defendant's criminal history. Decisions by Judge Middlebrooks, Judge Cohn and judges in the Northern District of Illinois are persuasive, not controlling, on this Court, as is the opinion of Professor Zunkel. This court has presided over a large number of ATF reverse, stash house stings over the past 27 years, Others may have railed against these prosecutions as being outrageous or based upon entrapment, but in no case has this court dismissed such a case as a matter of law. Whether law enforcement currently utilizes such investigative tactics does not seem particularly relevant absent a decision to abandon them forever, the pendulum swings back and forth in our criminal justice system. Any perceived, temporary reduction in these stings should not operate as a windfall for those lawfully convicted in the past. The Court again exercises discretion to deny

relief. A reduction would not promote respect for the law or act as a deterrent.

The Court has considered the 3553(a) factors and defendant's rehabilitation and mitigation arguments (including letters). His history of disciplinary reports, as recent as October 31, 2023, are not consistent with his claims of rehabilitation [DE-532, p. 24].

Wherefore, the Motion to Reduce Sentence [DE-532] is Denied.

The Clerk shall mail a copy of this order to the Defendant.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of November, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Joniel Polynice, #57112-004
FCC Coleman Medium
Inmate Mails
PO Box 1032
Coleman, FL  33521-1032

James Ustynoski, AUSA